■ The People of the State of New York, Respondent, v Rodney Cotton, Appellant. [595 NYS2d 86] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 18, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the night of March 19, 1989, Earnest Pearson died as the result of a "blunt impact" injury or injuries to the head. Pearson was a "worker" and the defendant was an "overseer" in a drug operation which sold crack from the basement of a house on St. Mark's Avenue in Brooklyn. Pearson had been taking part of the drugs which he was supposed to sell, and the customers had been complaining to the defendant.

On the night in question, the defendant and someone identified as "Shorty" confronted Pearson in the basement of the house on St. Mark's Avenue. Pearson was overheard saying, "I'll give you your money back. Hold back. Don't hurt me, man. Don't hurt me". The defendant said, *inter alia,* "I'm going to kill you". There were scuffling noises, and the defendant was seen approximately five minutes later on the roof of the building. Two witnesses heard a loud noise, described by one witness as something hitting the ground. Moments later, the defendant was seen climbing down the fire escape from the roof. Pearson's body was found on the ground in the side lot near the back of the house.

Police officers found a pool of blood and the head of a pick-ax on the floor in the basement. The medical examiner testified that while some of Pearson's injuries were consistent with a fall from a three-story building, the injuries to the head were consistent with blunt impact injuries. The medical examiner did not testify as to the number of times Pearson had been struck in the head prior to being thrown from the roof.

Several months later, the defendant told a witness that he had confirmed that Pearson had been taking part of the drugs which he was supposed to sell. The defendant said that he and another person went to see Pearson to "wear his head out a little bit", i.e., to "rough him up". The defendant admitted that he hit Pearson in the head with something which had the effect of splitting Pearson's head open, but the defendant was apparently surprised that Pearson died. The defendant told the witness that he carried Pearson's body up to the roof and threw the body off in order to avoid a police investigation in the basement, which would shut down the crack operation.

The trial court erred in denying the defendant's request to charge manslaughter in the first degree as a lesser-included offense of intentional murder. Although a jury could reasonably conclude on this record that the defendant intended to

kill Pearson *(see,* Penal Law § 125.25 [1]), it cannot be said that no reasonable view of the evidence would support a finding that the defendant merely intended to cause serious physical injury *(see,* Penal Law § 125.20 [1]; CPL 300.50 [1], [2]; *People v Green,* 56 NY2d 427, 432-433; *People v Gonzalez,* 151 AD2d 601).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Miller, Copertino and Pizzuto, JJ., concur.