■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE CORNISH, Appellant. [620 NYS2d 482] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered January 29, 1991, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the People failed to

prove beyond a reasonable doubt the mens rea required for assault in the first degree and that the Supreme Court improperly imposed an excessive sentence.

The defendant's contention that the evidence is legally insufficient to support his conviction of assault in the first degree is not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The brutal nature of the defendant's admitted attack of the victim with a meat cleaver coupled with the victim's trial testimony that the defendant told her that he was going to cut off her hand so that no other man would want her amply supports the trial court's conclusion that the defendant intended to permanently disfigure her.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]). The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84; People v Martinez, 186 AD2d 824). Its determination should be accorded great deference on appeal and should not be disturbed unless, unlike here, it is clearly unsupported by the record (see, People v Williams, 177 AD2d 526; People v Garafolo, 44 AD2d 86).

In light of the brutal nature of the present offense and the defendant's subsequent threats to kill the victim upon his release from jail, there is no basis to reduce the sentence that was imposed (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.