■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELBY SANCHEZ, Appellant. [641 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 11, 1993, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's conviction arose from an incident involving the defendant's ex-wife, Aylee Gonzalez, and her boyfriend, Ronald Foster. Trial testimony indicated that Gonzalez was riding as a passenger in Foster's car when Foster saw the defendant walking on the sidewalk and attempted to run the defendant down with his car. The defendant pulled out a handgun and fired at least four shots at Foster. There was conflicting testimony regarding whether the car was in motion at the time the defendant fired the last two shots. One of the prosecution's witnesses testified that she saw the car crash into a street light post before the defendant walked over to the car and fired the gun into the car from the passenger side. In addition, the defendant told the police that the car was stopped at the time he fired the last two shots. At trial, however, the defendant testified that Foster drove towards him and hit him with the front fender before he fired at Foster. The defendant further testified that Foster turned the car around and drove toward him a second time, and that he fired into the front passenger window as the car passed by. Although both Foster and Gonzalez suffered gunshot wounds, only Foster died from his injuries. The defendant testified that he did not intend to kill Foster, and that Gonzalez had previously told him that Foster wanted to kill him. Gonzalez also testified that when Foster saw the defendant on the sidewalk on the day in question, he told her that he was going to kill the defendant with the car.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]). We find no merit to the defendant's contention that the crime of attempted murder in the second degree based on a theory of transferred intent is a nonexistent crime (*see, People v Fernandez,* 215 AD2d 234).

We agree, however, that the trial court erred in refusing the defendant's request for a charge of manslaughter in the first degree as a lesser-included offense of intentional murder. Under the circumstances, there was a reasonable view of the evidence (*see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61) to support a finding by the jury that the defendant did not intend to kill the deceased (*see,* Penal Law § 125.25 [1]), but rather intended only to cause the deceased serious physical injury

(*see,* Penal Law § 125.20 [1]) "in order to extricate himself from a potentially dangerous situation" (*People v Tabb,* 180 AD2d 770, 771; *see also, People v Cotton,* 191 AD2d 577; *People v Jackson,* 140 AD2d 458). Because the attempted murder conviction for the injuries sustained by Gonzalez was based on the defendant's transferred intent to kill Foster, the defendant is entitled to a new trial on both counts of the indictment.

The remaining contentions in the defendant's supplemental *pro se* brief are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.