■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRETT ALFORD, Appellant. [715 NYS2d 714] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered March 23, 1998, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to resubmit any appropriate charges to another Grand Jury (*see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him or her of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to release him, forthwith, to the custody of the Department of the Sheriff of Nassau County for the purpose of producing the defendant, forthwith, before the County Court, Nassau County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail, or committing him to the custody of the Sheriff of Nassau County pending submission of the case to the Grand Jury and the Grand Jury disposition thereof (*cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Nassau County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

The complainant testified that as he walked to the train station on his way to work, the defendant struck him with a hard object, and that he grabbed the defendant's hand as he fell to the ground because he saw his wallet in the defendant's hand. After the attack, the complainant retrieved his wallet from the ground. The defendant denied taking the complainant's wallet. The complainant's testimony constituted the only direct evidence of the defendant's guilt of robbery in the first degree. Aside from the use of force and asportation, there was no other evidence of intent to rob.

Over the defendant's objection, the Trial Judge charged the jury on the lesser-included offense of attempted robbery in the first degree, concluding that a reasonable view of the evidence would support a finding of attempted robbery in the first degree.

Viewed in the light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704), under the facts of this case,

there is no reasonable view of the evidence which would support a finding that the defendant committed attempted robbery in the first degree but did not commit robbery in the first degree (*see*, CPL 300.50; *People v Glover*, 57 NY2d 61). Although the jury was free to accept or reject part or all of the defense or prosecution evidence (*see*, *People v Henderson*, 41 NY2d 233, 236), it may not arbitrarily or irrationally dissect the integrated testimony of a single witness (*see*, *People v Negron*, 91 NY2d 788, 792; *People v Scarborough*, 49 NY2d 364, 373-374).

The same segment of the complainant's testimony constituted the proof of both the defendant's attempted robbery as well as the defendant's completed robbery. Therefore, there was no reasonable basis upon which the jury could have simultaneously credited the testimony necessary to establish the lesser offense and rejected the very same testimony insofar as it established the greater offense (*see*, Penal Law § 160.15). Therefore, the Trial Judge erred in submitting the lesser-included offense to the jury, and the defendant's conviction on that charge must be reversed.

In view of the foregoing, we need not reach the defendant's remaining contentions. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur. [As amended by unpublished order entered Nov. 29, 2000.]