THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALASTAIR HAZLEWOOD, Appellant. [747 NYS2d 561]

The defendant was arrested on or about April 4, 1997, several days after a domestic dispute during which he allegedly physically assaulted the complainant, his purported wife. On April 4, 5 and 7, 1997, while incarcerated, the defendant made several telephone calls to the complainant, demanding that she drop the charges against him, and threatening her with physical injury. On May 5, 1997, a temporary order of protection was issued against the defendant on behalf of the complainant and her daughter which proscribed telephone contact. On its face, the order indicated that the defendant was advised in court of the issuance of the order, and the signature line contained a partial signature which the complainant identified in court as the defendant's handwriting. Thereafter, on May 7,

1997, the defendant called the complainant from jail. A new protective order was issued on May 28, 1997, which again proscribed telephone contact. The defendant did not sign the order, but on its face the order indicated that the defendant was present in court when the order was issued. The minutes of the hearing during which the order was issued also indicate that the defendant was present in court and advised by the Judge that the order was being issued. The defendant contacted the complainant by telephone on June 9, 1997, taunting her in an annoying and alarming manner.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, although the defendant contends that the testimony of the complaining witness was unworthy of belief, the finder of fact is free to accept or reject a witness's testimony in whole or in part, and a reviewing court should not speculate on the content of the factfinder's deliberations (*cf. People v Johnson,* 45 NY2d 546, 549; *People v Alford,* 276 AD2d 797, 799). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great deference on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Cornish,* 211 AD2d 639, 640; *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.