■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL WELLS, Appellant. [794 NYS2d 125]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 4, 2003, convicting him of attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of attempted robbery in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's conviction stemmed from an incident which occurred on June 17, 2002, in the vicinity of Junius Street and Linden Boulevard in Brooklyn. The jury acquitted the defendant of robbery in the first degree and two counts of attempted murder in the second degree.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree and criminal possession of a weapon

in the second degree beyond a reasonable doubt. While the defendant asserts that the testimony of one of the complaining witnesses was contradictory and incredible, the finder of fact is free to accept or reject a witness's testimony in whole or in part, and a reviewing court should not speculate on the content of the factfinder's deliberations (*see People v Hazlewood,* 297 AD2d 752, 753 [2002]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]; *People v Griffith,* 171 AD2d 678 [1991]). Its determination should be accorded great deference on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Cornish,* 211 AD2d 639, 640 [1995]; *People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of assault in the second degree and criminal possession of a weapon in the second degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, the trial court erred in submitting attempted robbery to the jury as a lesser-included offense of robbery. Viewed in the light most favorable to the defendant (*see People v Martin,* 59 NY2d 704 [1983]), there is no reasonable view of the evidence which would support a finding that merely an attempt and not a completed robbery had occurred (*see People v Alford,* 276 AD2d 797 [2000]).

The defendant's remaining contentions are without merit. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.