■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP VARGAS, Appellant. [812 NYS2d 1]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered September 5, 2003, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him, as a second violent offender, to a term of 13 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The prosecutor provided race-neutral reason for striking a prospective juror based on her lack of employment and her demeanor, and the court's finding that these reasons were not pretextual is supported by the record. This determination is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), particularly since the court made express findings on the question of demeanor. We do not find any disparate treatment by the prosecutor of similarly situated panelists. The prosecutor's explanation that the juror's potential pro-prosecution bias was minimal and was, in his estimation, outweighed by other independent and legitimate reasons for striking her, is supported by the record.

The court properly declined to submit criminal trespass in the second degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater (*see People v Negron*, 91 NY2d 788 [1998]). Defendant testified that he neither entered nor remained unlawfully, and

denied any conduct that would constitute the crime of criminal trespass. Furthermore, the same segment of the victim's testimony—that defendant forced his way into the apartment while announcing his intent to assault the victim—constituted proof of both the greater and the lesser offense. "Therefore, there was no reasonable basis upon which the jury could have simultaneously credited the testimony necessary to establish the lesser offense and rejected the very same testimony insofar as it established the greater offense" (*People v Alford*, 276 AD2d 797, 799 [2000]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.