*797 Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered August 29, 2002, convicting him of attempted robbery in the first degree, attempted robbery in the second degree (two counts), criminal possession of a weapon in the third degree, menacing in the second degree, and coercion in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant entered a jewelry store and, brandishing a knife, demanded the keys to a safe from the owner of the store. After slashing the store owner across the palm of her hand, the defendant fled. There was conflicting testimony as to whether the owner’s keys were actually taken during this occurrence.
The trial court did not err in submitting to the jury, over the defendant’s objection, one count of attempted robbery in the first degree and two counts of attempted robbery in the second degree as lesser-included offenses of robbery in the first degree and robbery in the second degree. Contrary to the defendant’s contention, the store owner’s testimony was not the sole source of evidence as to whether the keys were taken from her (see People v Negron, 91 NY2d 788 [1998]; People v Scarborough, 49 NY2d 364, 373-374 [1980]; People v Alford, 276 AD2d 797, 799 [2000]). In light of the conflicting testimony as to whether property was taken, or merely demanded, there was a reasonable view of the evidence which supported the submission to the jury of the attempted robbery charges as lesser-included offenses of the robbery charges (see CPL 300.50 [1]; People v Ford, 66 NY2d 428, 439-441 [1985]; People v Glover, 57 NY2d 61 [1982]; People v Sanchez, 226 AD2d 562 [1996]; People v Vasquez, 87 AD2d 619, 620 [1982]; cf. People v Wells, 18 AD3d 482, 483 [2005]).
The defendant sought to question a police witness regarding a certain report of a field interview reflecting a possible investigation of the complainants in connection with allegations of credit
*798 card fraud. The defendant contends that such a report would have supported his theory that the complainants were his accomplices in a fraud scheme, and had concocted the robbery in order to avoid paying the defendant his share of the proceeds of the criminal enterprise. To the extent that the subject report constituted Brady material (see Brady v Maryland, 373 US 83 [1963]), the defendant, under the circumstances of this case, has failed to demonstrate a “reasonable possibility” that the failure to disclose the report contributed to the verdict (People v Vilardi, 76 NY2d 67, 77 [1990]). Thus, reversal is not warranted.
Similarly, the trial court did not improvidently exercise its discretion in limiting the defendant’s cross-examination of the store owner regarding the alleged fraud investigation (see People v Mestres, 41 AD3d 618 [2007]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the store owner sustained a “physical injury” in the course of the commission of the crime (Penal Law § 160.10 [2] [a]; see Penal Law § 10.00 [9]; People v Chiddick, 8 NY3d 445 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]; People v Valencia, 50 AD3d 1163 [2008]; cf. Matter of Philip A., 49 NY2d 198, 200 [1980]). Furthermore, the jury’s determination that the “physical injury” element of attempted robbery in the second degree was satisfied was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]).
The defendant’s remaining contentions are without merit. Prudenti, PJ., Santucci, McCarthy and Chambers, JJ., concur.