■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN LINO, Appellant. [885 NYS2d 421]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered October 1, 2007, convicting him of criminal contempt in the first degree (three counts) and criminal contempt in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the admission into evidence

of a certified copy of an order of protection violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit because the order of protection and the statements contained therein were not testimonial in nature (*see Crawford v Washington*, 541 US 36, 56 [2004]; *People v Rawlins*, 10 NY3d 136 [2008]; *People v Maldonado*, 44 AD3d 793, 794 [2007]; *People v Liner*, 33 AD3d 479 [2006], *affd* 9 NY3d 856 [2007]; *cf. People v Pacer*, 6 NY3d 504 [2006]). The order of protection, which indicated that the defendant was present in court when it was issued and that the defendant was advised of it, constituted a contemporaneous record of objective facts and was not directly accusatory (*see People v Freycinet*, 11 NY3d 38, 41 [2008]; *People v Rawlins*, 10 NY3d at 156; *cf. People v Pacer*, 6 NY3d 504 [2006]).

The defendant's challenge to certain remarks made by the prosecutor in summation is unpreserved for appellate review, since the defendant either raised no objection to the remarks or voiced only a general objection without specifying the ground therefor (*see* CPL 470.05 [2]; *People v Prowse*, 60 AD3d 703 [2009]; *People v Crawford*, 54 AD3d 961, 962 [2008]). In any event, the challenged remarks did not deprive the defendant of a fair trial (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Prowse*, 60 AD3d 703 [2009]; *People v Delaney*, 26 AD3d 189, 190 [2006]).

The defendant's remaining contention is without merit. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.