The People of the State of New York, Respondent,
against
Antoinette Irizarry, Appellant. 




Suffolk County Legal Aid Society (Lisa Marcoccia of counsel), for appellant.
Suffolk County District Attorney (Marion Tang of counsel), for respondent.

Appeal from three judgments of the District Court of Suffolk County, First District (Karen M. Wilutis, J.), rendered August 1, 2017. Each judgment convicted defendant, after a nonjury trial, of criminal contempt in the second degree, and imposed sentence.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged in three separate misdemeanor informations with criminal contempt in the second degree for violating a July 11, 2014 order of protection. After a nonjury trial, defendant was convicted of all three charges.
Defendant's challenge to the validity of her waiver of the right to a jury trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Magnano, 77 NY2d 941 [1991]; People v Cassano, 279 AD2d 636, 636 [2001]). In any event, defendant's contention is without merit (see CPL 320.10 [2]; People v Buckley, 299 AD2d 417, 418 [2002]). "[N]o particular catechism is required to establish the validity of a jury trial waiver" (People v Smith, 6 NY3d 827, 828 [2006]; see People v Elshabazz, 145 AD3d 1528, 1529 [2016]). We agree with the District Court's determination that defendant's waiver was knowing, intelligent and voluntary. For this reason, defendant's counsel was not ineffective for failing to preserve the challenge to the validity of the jury waiver. "There can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success" (People v Foster, 153 AD3d 853, 855 [2017]).
Defendant's contention that the admission into evidence of a certified copy of the July 11, 2014 order of protection violated her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (see generally Crawford v Washington, 541 US 36, 56 [2004]) and the New York State Constitution is unpreserved for appellate review (see CPL 470.05 [2]; People v Lino, 65 AD3d 1263, 1264 [2009]). In any event, "the contention is without merit because the order of protection and the statements contained therein were not testimonial in [*2]nature" (People v Lino, 65 AD3d at 1264; see People v Mitchell, 128 AD3d 1392, 1393 [2015]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of all three charges of criminal contempt in the second degree was established beyond a reasonable doubt. The evidence was legally sufficient to prove that defendant was aware of the July 11, 2014 order of protection and its contents (see People v Hazlewood, 297 AD2d 752, 753 [2002]; People v Pierre-Louis, 53 Misc 3d 130[A], 2016 NY Slip Op 51370[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Finally, defendant's contention that it was error for the District Court to have issued an order of protection directing defendant to refrain from communicating with one of the victims for a period of five years is unpreserved for appellate review (see CPL 470.05 [2]; People v Peters, 232 AD2d 432 [1996]). In any event, it was not an abuse of discretion for the court to have issued the order of protection (see People v Yu-Jen Chang, 92 AD3d 1132, 1136 [2012]). "An order of protection may be imposed over the objection of the person in whose favor the order issues" (People v Lightfoot, 42 Misc 3d 149[A], 2014 NY Slip Op 50406[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; see People v Lewis, 69 AD3d 1232, 1235 [2010]).
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2019