■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MITCHELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered April 23, 1984, convicting him of robbery in the second degree, criminal possession of stolen property in the second degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We note at the outset that the proof against defendant was overwhelming. Complainant testified at trial that his car had been stolen from him at gunpoint by defendant. Defendant admitted the theft, but denied that a gun had been involved, testifying that he had found the car with the keys in the ignition and had driven off in it, never having seen complainant as more than a shadow in the driveway.

Defendant contends here that it was error for the trial court to have permitted Police Officers Breuer and Citrola to bolster complainant's version of the crimes. Officer Breuer, who was in a marked radio patrol car which was flagged down by complainant moments after the crime, testified that complainant told him that his car had been stolen by a gun-wielding black male. Officer Citrola, who spotted the stolen automobile approximately one hour after the crime and assisted several other police officers in the arrest, testified that complainant gave him a description of the crime and the perpetrator approximately 15 minutes after the crime. This testimony was not objected to at trial and therefore the issue is not preserved for review.

Defendant's further contention that the summation of the prosecutor was improper is also without merit. It ill behooves defendant to object to the prosecutor's comments to the effect that, in order to accept defendant's version of the incident,

"you have to believe the police were not telling the truth", when defense counsel's summation advised the jury to send: "[A] message to the cops that they just can't grab people and just throw out a big net and charge two people with robbery when they have a report of one. And they can't twist and turn things and frame people and say things that are not true. And its going to make them a little more honest the next time."

Inflammatory comments and expressions of opinion concerning the veracity of witnesses are improper in the summation of either prosecutor or defense counsel. No reversible error took place here.

We have considered defendant's other contentions and find them to be without merit. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.