THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered December 16, 1985, convicting him of manslaughter in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal use of a firearm in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On April 24, 1985, the defendant shot at Carlos Diaz, but instead hit Raoul Sanchez, who was standing nearby, causing his death. The defendant was subsequently arrested and charged, *inter alia,* with murder in the second degree, attempted murder in the second degree and criminal use of a firearm in the first degree. With respect to the criminal use of a firearm charge, the indictment alleged that "[t]he defendant, in the City of Yonkers, County of Westchester * * * on or about April 24, 1985, committed a Class B violent felony offense and possessed a deadly weapon." Thereafter, the defendant requested a bill of particulars, seeking, *inter alia,* "[w]hat is the class B violent felony the defendant is alleged to have committed while in possession of the aforesaid weapon." The People responded by designating the crime of attempted murder in the second degree.

Prior to summations, and over the defendant's objection, the court granted the People's request to charge manslaughter in the first degree as a lesser included offense of murder in the second degree. During the course of its charge, the court also instructed the jury that they could only consider the criminal use of a firearm count if they found the defendant guilty of attempted murder in the second degree, and that if they found the defendant not guilty of attempted murder in the second

degree, they were not to consider the criminal use of a firearm count.

After the court completed its charge, the People requested, for the first time, that the jury be instructed that, in addition to attempted murder in the second degree, they could also consider the lesser included offense of manslaughter in the first degree as the class B violent felony necessary to sustain the criminal use of a firearm conviction. The defendant objected, but the court again granted the People's request and charged the jury accordingly. Following its deliberations, the jury acquitted the defendant of murder in the second degree and attempted murder in the second degree, and found him guilty of manslaughter in the first degree and criminal use of a firearm in the first degree.

On appeal, the defendant initially contends that there was no reasonable view of the evidence which would support a finding that he committed the lesser offense of manslaughter in the first degree but did not commit the greater offense of murder in the second degree. Therefore, he maintains that the trial court erred in submitting the lesser charge to the jury. We disagree.

While certain deaths caused by firearms are inarguably murders and nothing less, the record in this case provides sufficient basis to support the submission of the charge of manslaughter in the first degree to the jury. The defendant, who stated to Diaz after a prior altercation, "I'm going to get you", never expressed an intention to kill him and, therefore, there was no direct evidence of the defendant's intent. Moreover, since the defendant chose to shoot with a small caliber handgun from a distance of between 40 and 50 feet, and since the bullets did not hit their intended target, the defendant's conduct was sufficiently equivocal to warrant a finding that he committed manslaughter in the first degree but not murder in the second degree (see, CPL 300.50 [1]; People v Butler, 57 NY2d 664). Thus, the court's submission of the lesser included offense of manslaughter in the first degree was not improper.

We conclude, however, as further urged by the defendant, that modification of the judgment of conviction is required because the defendant was convicted of a crime for which he was not indicted. The New York State Constitution guarantees that "[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury" (NY Const, art I, § 6; see also, CPL 210.05). As the Court of Appeals recently noted, one important purpose be-

hind an indictment is to "prevent * * * the [court or] prosecutor from usurping the powers of the Grand Jury by ensuring that the crime for which [the] defendant is tried is the same crime for which he was indicted, 'rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence'. ([*People v Iannone*, 45 NY2d 589, 594]; *see also, Russell v United States*, 369 US 749, 770.)" *(People v Grega*, 72 NY2d 489, 495-496.) Here it is clear that the defendant was indicted for criminal use of a firearm in the first degree in that he was alleged to have committed attempted murder in the second degree, a class B violent felony, while in possession of a deadly weapon. It is equally clear that in finding the defendant guilty of criminal use of a firearm in the first degree, after acquitting him of attempted murder, the jury found that he committed manslaughter in the first degree, also a class B violent felony, while in possession of a deadly weapon. Thus, the trial court's conduct in granting the prosecutor's postcharge request resulted in a violation of the defendant's constitutional right to be tried only for those crimes for which he had been indicted by a Grand Jury. Therefore, the judgment of conviction is modified accordingly.

Finally, we see no reason to disturb the defendant's sentence on the manslaughter count *(see, People v Suitte*, 90 AD2d 80). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.