■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY DAVIS, Appellant.—Judgment, Supreme Court, Bronx County (William Wallace, J.), rendered November 2, 1989, convicting the defendant, upon a jury verdict, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from 25 years to life, unanimously reversed, on the law, and the matter is remitted for a new trial.

After both sides rested, defense counsel requested that the court charge manslaughter in the first degree as a lesser included offense of murder in the second degree on the ground that a reasonable view of the evidence supported the submission of such charge. The Trial Judge denied the application but informed counsel that he would reconsider if counsel raised additional arguments the following day, prior to charging the jury.

The following day, both sides delivered their summations and the Judge charged the jury without further recorded discussion of the issue. At the conclusion of the charge, however, defense counsel renewed his application to have manslaughter in the first degree submitted as a lesser included offense. The court again declined to so charge.

Contrary to the People's contention, defense counsel sufficiently preserved the issue for appeal by timely requesting a charge on the lesser included offense prior to submission of the entire charge to the jury (CPL 300.50 [2]; 470.05; *People v Duncan*, 46 NY2d 74, *cert denied* 442 US 910). Moreover, it was error to deny the defendant's request since a reasonable view of the evidence, evaluated in a light most favorable to the defendant, supported a finding that the defendant committed manslaughter in the first degree but not murder in the second degree (CPL 300.50 [1], [2]; *People v Martin*, 59 NY2d 704).

"Where the issue presented is whether a defendant charged with murder intended to kill the deceased, the principle is long and well established that the question is for the jury, except in most unusual and exceptional circumstances" *(People v James,* 127 AD2d 485, 488). No such circumstances are presented here. Although the deceased died from a bullet which entered his head, there was no evidence conclusively

establishing the precise distance from which the one shot was fired. Nor did the defendant's statements expressing his intent to shoot the victim establish that his intent was to kill. People firing "handguns do not always hit precisely the intended target", making the issue of a defendant's intent "classically a factual one for the jury" *(People v Butler,* 86 AD2d 811, 815 [Sandler, J., dissenting], *revd on dissenting opn* 57 NY2d 664).

Accordingly, the judgment is reversed and the matter is remitted for a new trial. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.