■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER GLOVER, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered December 14, 1990, upon a verdict convicting defendant of the crimes of rape in the second degree (two counts), sexual abuse in the second degree (three counts) and sodomy in the second degree.

These charges stem from defendant's alleged rape, sodomy and sexual abuse of a 13-year-old neighbor child during the summer of 1989. The prosecution's evidence, as set forth in the testimony of the victim, her parents and a social worker, established that from the time defendant purchased the neighboring property in 1987, the victim became a frequent visitor and developed a close friendship with him and his girlfriend. In the summer of 1989 things changed. The victim's father noticed that defendant was devoting almost exclusive attention to the victim and was displaying affection for her (i.e., hugging). According to the victim, defendant kissed her on several occasions, engaged in described acts of sexual abuse and, sometime in July or August 1989 and again in September 1989, forced her to have sexual intercourse with him. She told no one of this at the time, indicating that defendant threatened to hurt her family if she exposed him. Thereafter becoming the subject of a PINS petition for truancy, the victim was sent to a State Division for Youth facility. While there, she reported the sexual molestation to a social worker via a handwritten note. Her revelation of the abuse occurred approximately three months after the last incident had taken place.

Defendant took the stand in his own behalf at trial, vehemently denied all the charges and asserted in defense that he was unable to engage in sexual intercourse as a result of a 1984 construction accident. Upon conclusion of the evidence, the jury found defendant guilty of all charges. Following sentencing, this appeal ensued.

Initially, we reject defendant's contentions that County Court overstepped its boundaries and deprived defendant of a fair trial by *sua sponte* advising counsel in chambers during trial of its belief that the issue of rape trauma syndrome may be applicable here to explain the victim's three-month delay in reporting the abuse, a subject that the prosecution had not affirmatively raised in the presentation of its case. It is well established that the court may raise matters on its own initiative in order to elicit significant facts *(People v Yut Wai Tom,* 53 NY2d 44, 56-57; *People v Mendes,* 3 NY2d 120). In view of the manner in which this issue was raised (i.e., in chambers and out of hearing of the jury) and the fact that defense counsel concurred that the issue was relevant, we see no error in this aspect of the court's actions.

However, we are disturbed by the fact that County Court itself, rather than the prosecutor, performed the in-court examination of the witness on this subject. In view of the real possibility that such actions on the part of the court may be perceived by the jury as suggesting an opinion as to the credibility of the witness or the merits of a particular issue, the Court of Appeals has warned that "it should be a rare instance when the court rather than counsel examines [the] witness" *(People v Yut Wai Tom, supra,* at 57). This is especially so in instances such as this where the purpose of the court's examination was not to protect the record but to make it *(supra,* at 58). While the court's actions were clearly imprudent, given that this examination was extremely brief, consisting of three open-ended questions, was not carried out in a manner as to give the jury the impression that the court entertained an opinion regarding the issue *(cf., People v Moulton,* 43 NY2d 944, 945-946), and the record is replete with other testimonial and documentary evidence establishing an excuse for the victim's delay in coming forward with the allegations, we cannot say in this instance that the error operated to deprive defendant of a fair trial.

We likewise reject defendant's challenge to the legal sufficiency of the evidence. This argument is based upon the inconsistency between the dates the incidents occurred as alleged in the indictment and those established at trial (a

discrepancy of approximately a month) and upon the prosecution's failure to prove the specific dates on which the two alleged rapes occurred. The former challenge was the subject of a prosecutorial motion to amend the indictment to conform to the evidence regarding the dates of the alleged crime, which motion was granted and the propriety of which is not challenged on appeal. As regards the latter challenge, because time is not an essential element of any of the crimes charged, the prosecution is not required to prove the exact date and time the charged offenses occurred *(cf., People v Morris,* 61 NY2d 290). We further find that, viewing the evidence in a light most favorable to the prosecution, each element of the crimes charged was established beyond a reasonable doubt. Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 494).

We have reviewed defendant's remaining contentions and find them to be without merit. While the prosecutor's expression of opinion concerning the veracity of the victim's testimony was improper *(see, People v Butts,* 139 AD2d 660, *lv denied* 71 NY2d 1024; *People v Mitchell,* 114 AD2d 978, 979, *lv denied* 67 NY2d 654), because any errors in this regard were cured by the court in its charge, this misconduct does not rise to the level of flagrancy required for reversal *(see, People v Lewis,* 162 AD2d 760, 764, *lv denied* 76 NY2d 894).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.