■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIS ALVARADO, Appellant. [701 NYS2d 897] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), rendered June 18, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Upon our independent review of the record, we find that it supports the jury's determinations concerning credibility.

Defendant's ineffective assistance claim would require the development of additional facts by way of an appropriate motion pursuant to CPL 440.10, particularly with regard to matters of strategy (see, People v Love, 57 NY2d 998). On the existing record, we find that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714; People v Baldi, 54 NY2d 137, 147). Contrary to defendant's argument, we find that counsel made effective use of a police sergeant's prior inconsistent statement.

Defendant's claims pursuant to Brady v Maryland (373 US 83) are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the prosecutor promptly advised the court and defense counsel of a possible Brady issue that arose just prior to opening statements, thereby permitting defendant a meaningful opportunity, seized upon by defense counsel, to utilize the material at trial (see, People v Cortijo, 70 NY2d 868), and that the record provides no support for defendant's claim that the prosecutor failed to correct purported misstatements by the sergeant.

This Court's prior orders, dated January 19, 1999 and March 11, 1999, respectively, which denied defendant's motion for a hearing to reconstruct a portion of the court proceedings and denied defendant's motion for reargument thereon, are disposi-

tive of defendant's claim, offered in connection with the motions and repeated in his appellate brief, that the absence of such minutes unduly hinders defendant's ability to present an appeal (*see, People v Santiago*, 158 AD2d 252, 253).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.