■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVARADO, Appellant. [769 NYS2d 881]—

Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered December 15, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's claim that his right of confrontation was violated when the undercover officer identified himself only by his shield number during his testimony is unpreserved and we decline to review it in the interest of justice. Contrary to defendant's argument, a Confrontation Clause argument requires a specific contemporaneous objection (*see e.g. People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]). In this case, as a result of the lack of objection, the People were never called upon to establish a need for anonymity (*see People v Gray*, 86 NY2d 10 [1995]). Were we to review this claim, we would find that the fact that the undercover officer testified anonymously did not cause defendant any prejudice (*see People v Mulligan*, 298 AD2d 233 [2002], *lv denied* 99 NY2d 562 [2002]).

The People established a proper chain of custody for the introduction of prerecorded buy money (*see People v Julian*, 41 NY2d 340 [1977]). There is no evidence that the money recovered from defendant was commingled with money recovered from another person arrested along with him.

To the extent that the existing record permits review, we conclude that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We have considered and rejected the remaining claims contained in defendant's pro se supplemental brief. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.