■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAZON BENSON, Appellant. [831 NYS2d 266]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered March 27, 2003, convicting him of criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's request to call the complainant or his girlfriend as witnesses at the hearing. The defendant did not raise any substantial issues regarding the constitutionality of the identification, the People's evidence was not notably incomplete, and the defendant did not otherwise establish a need for this testimony (*see People v Gant*, 26 AD3d 516 [2006]; *People v Scott*, 290 AD2d 522 [2002]).

The defendant's contention that the prosecutor's remarks during summation constituted reversible error is unpreserved for appellate review because he either failed to object, or raised only general objections, to the challenged remarks (*see* CPL 470.05 [2]; *People v Rivera*, 19 AD3d 620 [2005]; *People v Chellel*, 307 AD2d 974 [2003]). In any event, the challenged remarks were either fair comment on the evidence or a fair response to the defense summation (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Rhodes*, 11 AD3d 487 [2004]).

We need not address the defendant's contention that postrelease supervision should not be a part of his sentence. Neither the sentencing minutes nor the court's order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Smith*, 37 AD3d 499 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *rearg denied* 462 F3d 147 [2006]; *but see People v Sparber*, 34 AD3d 265 [2006]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.