■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD THOMPSON, Appellant. [831 NYS2d 720]—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County (Buchter, J.), imposed June 5, 2002, upon his conviction of burglary in the first degree, after his plea of guilty.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention on appeal that his sentence was illegal because he was erroneously sentenced as a predicate felon, the record conclusively demonstrates that he was not sentenced as a predicate felon.

The defendant, by waiving his right to appeal, waived any right to challenge the excessiveness of his sentence (*see People v Hidalgo*, 91 NY2d 733 [1998]; *People v Ackridge*, 31 AD3d 654 [2006], *lv denied* 8 NY3d 843 [2007]).

The Supreme Court sentenced the defendant to a determinate prison term of 12 years. Neither the sentencing minutes nor the court's order of commitment mentioned the imposition of any period of post-release supervision. Therefore, the sentence appealed from does not include any period of post-release supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *Earley v Murray*, 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006]; *People v Smith*, 37 AD3d 499 [2007]; *but see People v Sparber*, 34 AD3d 265 [2006]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.