■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERDINAN DUNCAN, Appellant. [840 NYS2d 805]—

Appeal by the defendant, as limited by his briefs, from a sentence of the Supreme Court, Queens County (Camacho, J.), imposed April 1, 2005, upon his conviction of assault in the second degree, upon his plea of guilty.

Ordered that the sentence is affirmed.

By virtue of his valid waiver of his right to appeal, the defendant has forfeited review of his claim that the sentence imposed was excessive (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 253 [2006]; *People v Seaberg*, 74 NY2d 1, 11 [1989]).

The defendant pleaded guilty to a class D violent felony offense, and the Supreme Court sentenced him, as a first-time felony offender (*see* Penal Law § 70.02). Although post-release supervision is a mandatory component of such a sentence (*see* Penal Law § 70.00 [6]; § 70.45 [1]), and in this case the court was required to impose a period of post-release supervision of "not less than one and one-half years nor more than three years" (Penal Law § 70.45 [2] [e]), there was no mention anywhere in the sentencing minutes of the imposition of a period of post-release supervision. While the sentence & commitment form contains the handwritten notation "3 years Post Release Supervision," that form was not signed by the sentencing judge, but only by the court clerk. Thus, even if a notation on a sentence & commitment form that is personally signed by the sentencing judge can be deemed an adequate substitute for a pronouncement of the sentence in open court (*see People v Lingle*, 34 AD3d 287, 289-290 [2006]), the notation made in this case was a nullity. "The only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" (*Earley v Murray*, 451 F3d 71, 75 [2006]; *see Hill v United States ex rel. Wampler*, 298 US 460 [1936]). Thus, the sentence appealed from never included, and does not now include, any period of post-release supervision (*see People v Thompson*, 39 AD3d 572 [2007]; *People v Benson*, 38 AD3d 563 [2007]; *People v Smith*, 37 AD3d 499 [2007]; *Earley v Murray, supra; but see People v Sparber*, 34 AD3d 265 [2006]).

The defendant's remaining contention, raised in his supplemental pro se brief, is unpreserved for appellate review and, in any event, is without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.