■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. GUARE, Appellant. [846 NYS2d 247]—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Firetog, J., at plea; D'Emic, J., at sentencing), both rendered March 23, 2004, convicting him of criminal contempt in the first degree and criminal contempt in the second degree under indictment No. 2605/2002, and assault in the second degree under indictment No. 3387/2003, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's purported waiver of his right to appeal was not valid (*see People v Moyett*, 7 NY3d 892, 893 [2006]; *People v Lopez*, 6 NY3d 248, 257 [2006]) and, thus, does not preclude the defendant's challenge to his sentence, upon his conviction for assault in the second degree, as excessive. However, that sentence was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

To the extent that the defendant contends that postrelease supervision should not be a part of his sentences, neither the sentencing minutes nor the order of commitment mentioned the imposition of any period of post-release supervision. Therefore, the sentences actually imposed by the court never included, and do not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Thompson*, 39 AD3d 572, 573 [2007]; *People v Benson*, 38 AD3d 563, 564 [2007]; *People v Smith*, 37 AD3d 499 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006], *cert denied sub nom. Bushlre v Earley*, — US —, 127 S Ct 3014 [2007]; *but see People v Sparber*, 34 AD3d 265 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.