■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PAGON, Also Known as MANUEL PAGAN, Appellant. [851 NYS2d 622]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered June 21, 2002, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly inquired into the circumstances surrounding his absence when the jury verdict was taken, and reasonably determined that his absence was deliberate (*see People v Redzeposki,* 7 NY3d 725 [2006]). The defendant, who was at liberty prior to the trial, was formally warned that if he failed to appear on any scheduled court date, he would lose multiple rights, including the right to be present at trial (*see People v Parker,* 57 NY2d 136 [1982]) . The defendant was present during the examination of witnesses, summations, and the jury charge. However, after the jury began its deliberations at 12:50 P.M., the defendant was excused and directed to return from lunch at 2:15 P.M. At 2:30 P.M., the jury had reached a verdict, but by 3:05 P.M., the defendant had failed to appear. The Supreme Court questioned defense counsel and learned that counsel had no way of contacting the defendant and that the defendant did not tell counsel that he had anything to do during the lunch break. The court noted that the defendant had expressed "some reluctance" to return to the courtroom following summations, which indicated that his absence was voluntary. The court instructed defense counsel to search for the defendant in the hallway, at the public telephones, and at other adjacent areas and, after recalling the case, the court took the jury verdict in the defendant's absence. Four months later, at sentencing, the defendant's counsel indicated that the defendant's failure to attend court might have been due to his fear of being convicted. In view of these circumstances, the court's action in taking the jury verdict in the defendant's absence was proper (*see People v Febo,* 210 AD2d 251 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

We need not address the defendant's contention that postrelease supervision should not be a part of his sentence, as the sentence imposed did not include any period of postrelease supervision (*see People v Duncan,* 42 AD3d 470 [2007]; *People v Thompson,* 39 AD3d 572 [2007]; *People v Benson,* 38 AD3d 563 [2007]; *People v Smith,* 37 AD3d 499 [2007]; *see also Hill v United States ex rel. Wampler,* 298 US 460, 464 [1936]; *Earley v Murray,* 451 F3d 71 [2006], *cert denied* — US —, 127 S Ct 3014 [2007]).

The defendant's remaining contentions either are without merit (*see People v Baldi,* 54 NY2d 137 [1981]) or do not require reversal (*see People v Wright,* 40 AD3d 1021 [2007]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.