■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAHEEN HAYES, Appellant. [851 NYS2d 365]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered July 7, 2005, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that improprieties in the trial court's supplemental jury instructions and the prosecutor's summation combined to deprive him of a fair trial is unpreserved for appellate review. The defendant failed to object with specificity to the challenged summation remarks and did not move for a mistrial on this ground (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838 [1999]; *People v Tevaha,* 84 NY2d 879 [1994]; *People v Evans,* 291 AD2d 569 [2002]; *People v Livigni,* 288 AD2d 323 [2001]). The trial court's response to a jury note seeking supplemental instructions regarding the defendant's statements to the police was meaningful and did not result in any prejudice to the defendant (*see* CPL 310.30; *People v Santi,* 3 NY3d 234, 248 [2004]; *People v Almodovar,* 62 NY2d 126, 131 [1984]; *People v Malloy,* 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]; *People v Arcarola,* 96 AD2d 1081 [1983]). Moreover, although this Court has disapproved of a prosecutor, in summation, characterizing the defense theory as a "conspiracy" by the police and prosecution witnesses to convict the defendant (*see People v Colonna,* 135 AD2d 724 [1987]; *People v Cowan,* 111 AD2d 343 [1985]), the remarks here constituted a fair response to the defense counsel's summation theory of police misconduct (*see People v Mitchell,* 114 AD2d 978 [1985]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The Supreme Court sentenced the defendant to a determinate prison term of 25 years. In sentencing the defendant, the court did not mention the imposition of any period of post-release supervision. Therefore, the sentence appealed from never

included, and does not now include, any period of post-release supervision (*see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *People v Duncan,* 42 AD3d 470 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Thompson,* 39 AD3d 572 [2007]; *People v Smith,* 37 AD3d 499 [2007]; *Earley v Murray,* 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006], *cert denied sub nom. Burhlre v Earley,* 551 US —, 127 S Ct 3014 [2007]; *but see People v Sparber,* 34 AD3d 265 [2006], *lv granted* 9 NY3d 882 [2007]). Fisher, J.P., Santucci, Angiolillo and Balkin, JJ., concur.