■ The People of the State of New York, Respondent, v Jason Faulkner, Appellant. [866 NYS2d 735]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered March 12, 2001, convicting him of manslaughter in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and assault in the second degree (three counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated May 3, 2005, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant's challenge to his convictions, based on a purported violation of his due process right to a jury of his own choosing, is without merit. As an initial matter, we do not agree with the People's contention that the defendant failed to preserve his objection to the dismissal of a sworn juror (see CPL 470.05 [2]). Contrary to the defendant's contention, however, the court made a reasonably thorough inquiry into the juror's circumstances, finding out that the juror had a death in the family, that the juror had only two days to plan for a family funeral, and that the juror additionally needed to make plans to travel for a second funeral service for that deceased relative. Under these circumstances, the court properly exercised its discretion in discharging the juror because he was "unavailable for continued service" within the meaning of the statute (CPL 270.35 [1]; see People v Riccardi, 199 AD2d 432 [1993]; People v Hill, 182 AD2d 640 [1992]).

Contrary to the defendant's argument on appeal that he was denied the effective assistance of counsel, a review of the record reveals that the defendant's attorney offered a plausible theory of the case, effectively cross-examined the People's witnesses, and obtained a hearing on an important missing witness question. Thus, on balance, the defendant was afforded the effective assistance of counsel (see People v Flores, 84 NY2d 184, 187 [1994]; People v Baldi, 54 NY2d 137, 146-147 [1981]).

The defendant contends that this Court must excise from his sentence the period of postrelease supervision added by the Department of Correctional Services (hereinafter DOCS). Neither the sentencing minutes nor the order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence imposed by the court "never included, and [does] not now include, any period of postrelease supervision" (*People v Guare*, 45 AD3d 697 [2007]; *see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Thompson*, 39 AD3d 572, 573 [2007]; *People v Benson*, 38 AD3d 563, 564 [2007]). DOCS does not have authority to add postrelease supervision to the defendant's sentence (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). The Court of Appeals' recent pronouncement in *People v Sparber* (10 NY3d 457 [2008]), regarding the proper remedy for a court's failure to pronounce the required sentence is inapplicable since, in this case, the postrelease supervision is not reflected on the order of commitment. Thus, rather than having been imposed in a procedurally defective manner (*see People v Sparber*, 10 NY3d 457 [2008]), here, the period of postrelease supervision was never imposed at all (*see generally Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]).

The Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Contrary to the defendant's contention, the indictment of his trial attorney by the United States Attorney's Office, during his trial, did not create a conflict which deprived the defendant of his Sixth Amendment right to the effective assistance of counsel. Moreover, there was no evidence submitted in support of the parties' motion papers to suggest that the defendant's attorney was being investigated by the District Attorney's office (*compare United States v Levy*, 25 F3d 146, 156-157 [1994], *with Armienti v U.S.*, 313 F3d 807, 813-814 [2002]). The parties' motion papers were also unaccompanied by any evidence demonstrating that the Supreme Court was aware of a potential conflict which would have necessitated the court's inquiry on the record as to whether the defendant consented to his attorney's continued representation (*see People v McDonald*, 68 NY2d 1, 8 [1986]; *People v Macerola*, 47 NY2d 257 [1979]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.