■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION HENRY, Appellant. [875 NYS2d 802]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered May 25, 2006, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenges to certain remarks made by the prosecutor during summation, as defense counsel either did not object to them, or raised only a general objection (*see* CPL 470.05 [2]; *People v Robbins*, 48 AD3d 711 [2008]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, to the extent any remarks were improper, they did not deprive the defendant of a fair trial (*see People v Robbins*, 48 AD3d 711 [2008]; *People v Salnave*, 41 AD3d 872, 874 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

Finally, contrary to the defendant's contention, due process does not require this Court to excise from his sentence the five-year period of postrelease supervision added by the New York State Department of Correctional Services (hereinafter DOCS). The sentence imposed by the court "never included, and [does] not now include, any period of postrelease supervision" (*People v Guare*, 45 AD3d 697 [2007]; *see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Thompson*, 39 AD3d 572, 573 [2007]; *People v Benson*, 38 AD3d 563, 564 [2007]). In that regard, the facts of this case are the same as those present in *People v Faulkner* (55 AD3d 924, 925 [2008]), in that the order

of commitment did not mention the imposition of any period of postrelease supervision. DOCS does not have authority to add postrelease supervision to the defendant's sentence (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.