THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY PELSEY, Appellant. [876 NYS2d 484]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 10, 2005, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating so much of the sentence as imposed a DNA data bank fee and separately imposed a mandatory surcharge and crime victims' assistance fee in the total sum of $270; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the matter of the imposition of the appropriate mandatory surcharge and crime victims' assistance fee.

Contrary to the defendant's contention, the Supreme Court properly submitted to the jury the lesser-included offense of manslaughter in the first degree (Penal Law § 125.20). There is a reasonable view of the evidence that the defendant intended to cause only serious physical injury to the victim and not death (*see* CPL 300.50 [1]; *People v Davis*, 181 AD2d 411 [1992]; *People v Gonzalez*, 151 AD2d 601, 602 [1989]).

The Supreme Court properly declined to instruct the jury that the passenger in the car that the defendant was driving on the night the crimes were committed could be an accomplice in fact, whose trial testimony requires corroboration (*see* CPL 60.22). The defendant offered only unsupported speculation that the witness was a participant in the crimes (*see People v Jones*, 73 NY2d 902, 903 [1989]). The mere presence of a witness at the scene of a crime does not support such an instruction (*see People v Tucker*, 72 NY2d 849, 850 [1988]; *People v*

*Nieves,* 294 AD2d 152 [2002]; *People v Morillo,* 156 AD2d 479 [1989]).

Contrary to the defendant's contention, this Court need not excise from his sentence the period of postrelease supervision apparently added by the New York State Department of Correctional Services. Neither the sentencing minutes nor the order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence imposed by the court "never included, and [does] not now include, any period of postrelease supervision" (*People v Guare,* 45 AD3d 697, 697 [2007]; *see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *People v Thompson,* 39 AD3d 572, 573 [2007]; *People v Benson,* 38 AD3d 563, 564 [2007]). "Thus, rather than having been imposed in a procedurally defective manner (*see People v Sparber,* 10 NY3d 457 [2008]), here, the period of postrelease supervision was never imposed at all" (*People v Faulkner,* 55 AD3d 924, 926 [2008]; *see generally Matter of Garner v New York State Dept. of Correctional Servs.,* 10 NY3d 358, 362 [2008]).

As the People correctly concede, since the crimes were committed before the effective date of the legislation providing for the imposition of a DNA databank fee (*see* Penal Law § 60.35 [1] [a] [v]), that fee should not have been imposed (*see People v Hill,* 25 AD3d 724 [2006]). The People also correctly concede that the Supreme Court erred in imposing a mandatory surcharge and crime victims' assistance fee in the total sum of $270, since the Penal Law required a mandatory surcharge and crime victims' assistance fee in the total sum of only $210 at the time the criminal acts underlying the instant convictions were committed (*see* Penal Law § 60.35; *People v Cruz,* 25 AD3d 565 [2006]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.