■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. LANE III, Appellant. [880 NYS2d 693]—

Appeals by the defendant (1) from a judgment of the County Court, Dutchess County (Hayes, J.), rendered July 10, 2002, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated January 26, 2007, which denied, without a hearing, his motions pursuant to CPL 440.20 to set aside so much of his sentence as purportedly imposed a period of postrelease supervision.

Ordered that the judgment and the order are affirmed.

The defendant, who was convicted of assault in the first degree, contends that this Court must remove from his sentence the five-year period of postrelease supervision added by the Department of Correctional Services (hereinafter the DOCS) to his 15-year prison sentence imposed by the County Court. It is undisputed that neither the sentencing minutes nor the order of commitment specifically imposed any period of postrelease supervision. Therefore, the sentence imposed by the court "never included, and [does] not now include, any period of postrelease supervision" (*People v Guare,* 45 AD3d 697 [2007]; *see Hill v United States ex rel. Wampler,* 298 US 460, 465 [1936]; *People v Faulkner,* 55 AD3d 924 [2008]; *People v Johnson,* 49 AD3d 557 [2008]; *see also* CPL 380.20, 380.40). The DOCS does not have the authority to add postrelease supervision to the

defendant's sentence (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]), which is solely a judicial function (*see* CPL 380.20, 380.40; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d at 362). Further, rather than the defendant's sentence having been imposed in a procedurally defective manner (*see People v Sparber,* 10 NY3d 457 [2008]), here, the court never even imposed a period of postrelease supervision (*see People v Guare,* 45 AD3d 697 [2007]; *see also* CPL 380.20, 380.40).

Further, we affirm the County Court's order denying the defendants' two motions to vacate, pursuant to CPL 440.20, the post-release supervision added by the DOCS, although we do so for reasons different from those relied upon by the County Court (*see People v Noble,* 37 AD3d 622 [2007]). As previously noted, the sentence does not include, and has never included, a period of postrelease supervision (*see Hill v United States ex rel. Wampler,* 298 US 460, 465 [1936]; *People v Faulkner,* 55 AD3d 924 [2008]; *People v Johnson,* 49 AD3d 557 [2008]; *People v Guare,* 45 AD3d 697 [2007]; *People ex rel. Gerard [Colarusso] v Kralik,* 44 AD3d 804 [2007]; *People v Duncan,* 42 AD3d 470, 471 [2007]; *People v Brown,* 39 AD3d 659, 660 [2007]). Accordingly, since a CPL 440.20 motion permits only a challenge to a judicially-imposed sentence, the County Court did not err in denying the defendant's CPL 440.20 motions (*see Matter of Garner v New York State Dept. of Correctional Servs.,* 10 NY3d at 363; *see also People v Howell,* 40 AD3d 882 [2007]; *People v Sebastian,* 38 AD3d 576 [2007]; *People v Smith,* 37 AD3d 499 [2007]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.