■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CHESTNUT, Appellant. [920 NYS2d 344]—

Judgment, Supreme Court, Bronx County (Steven W. Paynter, J.), rendered August 1, 2008, as amended September 4, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of six years, unanimously affirmed.

The court properly accepted the jury's verdict in defendant's absence. The court's inquiry and findings were sufficient to establish that defendant's absence was deliberate (*see People v Brooks*, 75 NY2d 898, 899 [1990]).

During the trial, the court repeatedly warned defendant of the consequences of any failure to appear (*see People v Parker*, 57 NY2d 136, 141 [1982]). Defendant was present throughout the trial, but when the jury sent a note that it had reached a verdict, defendant could not be located. The court placed the jury's completed verdict sheet in a sealed envelope and adjourned the case until the next day. On the following morning, defendant was still absent, and his counsel had no explanation for the absence or information about defendant's whereabouts. After hearing from the parties and making detailed findings, the court accepted the verdict in defendant's absence.

Initially, we reject defendant's argument that the court's actions regarding the verdict sheet constituted acceptance of the verdict. A verdict sheet is not a verdict, and the jury did not render a verdict until it did so in open court on the morning after defendant disappeared (*see* CPL 310.40; *People v McBride*, 203 AD2d 86, 87 [1994], *lv denied* 83 NY2d 969 [1994]).

By the time the court accepted the verdict, it had ample basis on which to conclude that defendant had deliberately absconded (*see e.g. People v Pagon*, 48 AD3d 486 [2008], *lv denied* 10 NY3d 843 [2008]), and it properly exercised its discretion when it determined that a hearing was unnecessary. Moreover, defense counsel's admission during sentencing that the reason defendant absconded was "out of fear" confirmed the deliberate nature of defendant's absence (*see People v Mejia*, 268 AD2d 286 [2000], *lv denied* 95 NY2d 837 [2000]).

Defendant claims that the court improperly closed the courtroom during the testimony of an undercover officer. Although the record shows that the officer identified herself by her shield number rather than her name, there is no discussion in the record regarding closing the courtroom, or anything to indicate that it was closed to any spectators at any time. This Court previously denied defendant's motion for a reconstruction hearing to determine whether the courtroom was closed, and, if so, the circumstances leading to the closure (2010 NY Slip Op 77914[U] [2010]). That order is dispositive of defendant's present request for such a hearing (*see People v Alvarado*, 269 AD2d 104 [2000], *lv denied* 94 NY2d 916 [2000]).

Defendant did not preserve his argument that the court improperly permitted the undercover officer to testify anonymously, and we decline to review it in the interest of justice.

"Contrary to defendant's argument, a Confrontation Clause argument requires a specific contemporaneous objection . . . In this case, as a result of the lack of objection, the People were never called upon to establish a need for anonymity" (*People v Alvarado*, 3 AD3d 320 [2004], *lv denied* 2 NY3d 737 [2004]). As an alternative holding, we find that defendant has not established that he was prejudiced by the fact that the officer testified under her shield number. Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ.