■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRINA N. CAROLLO, Appellant. [803 NYS2d 480]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 3, 2003. The judgment convicted defendant, upon her plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of assault in the second degree (Penal Law § 120.05 [3]). She failed to preserve for our review her contention that reversal is required because County Court failed to advise her at the time of the plea that she would be subject to a five-year period of postrelease supervision (*see*

*People v DePugh*, 16 AD3d 1083 [2005]; *People v Pan Zhi Feng*, 15 AD3d 862 [2005]; *People v Hollenbach*, 307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the five-year period of postrelease supervision is not illegal. Defendant was sentenced as a second felony offender pursuant to Penal Law § 70.06 (6), and thus a five-year period of postrelease supervision was mandatory (*see* former § 70.45 [2]; *People v Jeter*, 15 AD3d 885, 886 [2005], *lv denied* 4 NY3d 887 [2005]; *People v Skye*, 298 AD2d 889 [2002]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.