**Sean EARLEY, Petitioner–Appellant,**

v.

**Timothy MURRAY, Respondent–Appellee.**

**Docket No. 04–4098–pr.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 25, 2006.

Decided: June 9, 2006.

Filed: June 22, 2006.

Decided: Aug. 31, 2006.

David M. Samel, New York, NY, for Petitioner–Appellant.

Amy M. Appelbaum, Assistant District Attorney (Charles J. Hynes, District Attorney, Kings County, Leonard Joblove and Victor Barall, Assistant District Attorneys, on the brief), Brooklyn, NY, for Respondent–Appellee.

Before WALKER, Chief Judge, LEVAL and SOTOMAYOR, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

For the reasons stated below, respondent-appellee Timothy Murray's petition for rehearing is denied.

■ Respondent-appellee petitions for rehearing of a June 9, 2006, opinion of this court vacating the judgment of the United States District Court for the Eastern District of New York denying petitioner-appellant Sean Earley's petition for a writ of habeas corpus. Respondent-appellee argues that rehearing in this case is warranted because this court's decision (1) was based on an inaccurate understanding of the operation of New York law and (2) will call into question the validity of the post-release supervision ("PRS") elements of numerous sentences. Upon review, we adhere to our view that the inclusion of a five-year period of PRS in Earley's sentence when that PRS was not included in the sentence imposed at Earley's sentencing hearing violated his rights under the Due Process Clause of the United States Constitution.

■ Respondent-appellee insists that our original decision failed to recognize that New York law automatically includes a period of PRS in every determinate sentence. He further argues 29 that, by virtue of the fact that every determinate sentence, by definition, includes such a period, Earley's PRS was part of his judicially-imposed sentence through the operation of New York law as soon as he was sentenced to a determinate sentence. In other words, respondent-appellee believes that a judicially-imposed sentence consists of two elements: (1) the terms imposed by the sentencing judge and (2) whatever additional terms that pronouncement is defined to include under New York law. As a result, respondent-appellee argues that the insistence of *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936), on which we relied in our original opinion, that the only cogniza-

ble sentence is the one imposed by the judge has no effect on Earley's PRS term; the sentence imposed by the judge did, in fact, include a term of PRS by operation of New York law. That this argument is cleverly formulated, we do not deny; nevertheless, we must reject it. A judicially-imposed sentence includes only those elements explicitly ordered by the sentencing judge.

 *Wampler* undeniably stands for the proposition that the only valid terms of a defendant's sentence are the terms imposed by the judge. Indeed, the facts of *Wampler* compel this interpretation. In that case, the judge orally imposed a sentence on the defendant. The clerk of the court then altered the terms of that sentence when preparing the written judgment. *Id.* at 461–62, 56 S.Ct. 760. It was this alteration that the Supreme Court held to be null and void, stating that "[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court." *Id.* at 464, 56 S.Ct. 760. Thus, the only sentence known to the law is the sentence imposed by the judge; any additional penalty added to that sentence by another authority is invalid, regardless of its source, origin, or authority until the judge personally amends the sentence. Thus, contrary to respondent-appellee's contention, a sentence cannot contain elements that were not part of a judge's pronouncement. The fact that New York law mandates a different sentence than the one imposed may render the sentence imposed unlawful, but it does not change it. The sentence imposed remains the sentence to be served unless and until it is lawfully modified.

The analysis in *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947) supports the point. In that case, the trial judge had failed to impose a mandatory fine at sentencing. *Id.* at 165, 67 S.Ct. 645. Several hours after the original sentence had been announced, the judge recalled the prisoner and imposed the mandatory fine. *Id.* The Supreme Court, in rejecting the argument that the defendant had twice been placed in jeopardy, never suggested that a defendant's sentence could be corrected to include a term mandated by statute without a judge imposing it. *See id.* at 166–67, 67 S.Ct. 645. To the contrary, the Court noted that when a trial court imposes a sentence that is unlawful because it is excessive, the proper procedure is "an appropriate amendment of the invalid sentence by the court of original jurisdiction." *Id.* at 166, 67 S.Ct. 645. *Wampler,* although not cited in *Bozza,* compels nothing less here.

 Respondent-appellee accurately observes that our original opinion reflected our belief that the judge's failure to mention the PRS term at Earley's sentencing was an "oversight." *Earley v. Murray,* 451 F.3d 71, 76 (2d Cir.2006). But that belief had no impact on our analysis. When a judge fails to impose a custodial element of a sentence, that element is not a part of the sentence, regardless of whether that failure was due to oversight or to customary practice.

 Respondent-appellee also quibbles with our assertion that Earley's sentence was altered by DOCS. Instead, he argues that the PRS term was included as soon as Earley received his determinate sentence. Again, this disagreement with our characterization of the facts has no effect on the reasoning or outcome of our original opinion. When the sentence as imposed by the sentencing judge is purportedly altered to reflect something other than the sentence imposed, the source of that alteration is immaterial. Whether it is DOCS administrators or the operation of New York law that works the alteration, the alteration is of no effect. As we stated in our original decision "[o]nly the judgment of a court, as expressed through the sentence imposed

by a judge, has the power to constrain a person's liberty." *Earley,* 451 F.3d at 75. And that judgment includes only those terms expressly imposed.

In sum, respondent-appellee's argument that the PRS term was "imposed" at sentencing because it was always part of the determinate sentence handed down by the judge is simply incorrect. Whatever conceptualization respondent-appellee has about the function of New York Penal Law sections 70.00 and 70.45, they cannot operate to undermine protections contained in the Federal Constitution. And as *Wampler* requires the custodial terms of sentences to be explicitly imposed by a judge, any practice to the contrary is simply unconstitutional and cannot be upheld.

Respondent-appellee indicates that New York courts regularly fail to inform defendants of mandatory PRS terms but consider them part of those defendants' sentence nonetheless. As a result, our decision may call into question the validity of the PRS components of numerous sentences. We nonetheless adhere to our ruling.

For the reasons set forth above, the petition for rehearing is hereby DENIED.