■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SPARBER, Appellant. [823 NYS2d 405]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered April 11, 2002, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

Although the court did not mention postrelease supervision (PRS) at any time during the plea or sentencing proceedings, its commitment sheet reflects that defendant's sentence includes a five-year term of PRS. While the court's failure to advise defendant of the PRS component of his sentence would be a ground for vacatur of the plea (*People v Van Deusen*, 7 NY3d 744 [2006]; *People v Catu*, 4 NY3d 242 [2005]), defendant explicitly states that he does not want that remedy. Instead, he seeks to have the period of postrelease supervision stricken from the sentence, claiming that it is a nullity because it was not part of the sentence that the court pronounced orally, in his presence in open court. He further argues that to the extent the court may have imposed an illegal sentence by omitting any provision for PRS, such illegality could only be corrected by way of a judicial proceeding, such as a CPL 440.40 motion by the People to set aside the sentence, and that the entry on the commitment sheet did not qualify as such a proceeding. Essentially, defendant argues that his sentence never included PRS to begin with. We reject defendant's arguments, including his constitutional claims.

The Penal Law does not merely direct or require a court to impose PRS when imposing a determinate sentence; instead, it provides that "Each determinate sentence also *includes, as a part thereof*, an additional period of post-release supervision" (Penal Law § 70.45 [1] [emphasis added]), which, in defendant's situation, is precisely five years (Penal Law § 70.45 [1]). Therefore, even though the court's oral sentence was silent as to PRS, it necessarily included a five-year term thereof (*see People v Crump*, 302 AD2d 901 [2003], *lv denied* 100 NY2d 537

[2003]; *People v Thweatt*, 300 AD2d 1100 [2002]; *People v Bloom*, 269 AD2d 838 [2000], *lv denied* 94 NY2d 945 [2000]). Furthermore, the court, acting through its court clerk, set forth the PRS provision in the commitment sheet, thereby satisfying any constitutional requirement that a sentence be "entered upon the records of the court" (*Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]; *compare Earley v Murray*, 451 F3d 71, 75-76 [2d Cir 2006]). We see no constitutional infirmity in the use of a written document to clarify an aspect of a sentence upon which the court's oral pronouncement was silent (*see e.g. United States v Pugliese*, 860 F2d 25, 30 [2d Cir 1988], *cert denied* 489 US 1067 [1989]), particularly where, as here, the relevant portion of the written document performs the ministerial function of setting forth a provision already included in the sentence by operation of law (*see United States v Cofield*, 233 F3d 405, 406-408 [6th Cir 2000], *cert denied* 532 US 952 [2001]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.