■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY NOBLE, Also Known as MICHAEL NOVEL, Appellant. [831 NYS2d 198]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Roman, J.), dated July 30, 2004, which denied his motion pursuant to CPL 440.20 to vacate the sentence imposed upon so much of a judgment of the same court, rendered October 1, 2001, as convicted him of robbery in the first degree, under Indictment Number 4052/00, upon his plea of guilty.

Ordered that the order is affirmed.

Pursuant to a promise made at the time of the defendant's plea of guilty, the court sentenced the defendant to a determinate prison term of eight years upon his conviction of robbery in the first degree. Neither the sentencing minutes, nor the court's order of commitment, mentioned the imposition of any period of post-release supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *Earley v Murray,* 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006]; *but see People v Sparber,* 34 AD3d 265 [2006]).

Under these circumstances, the defendant received precisely the sentence for which he bargained, and therefore he has failed to articulate any reason that his judgment of conviction, upon his plea of guilty, should be vacated (*cf. People v Catu,* 4 NY3d 242 [2005]) or his sentence modified in any way. Accordingly, we affirm the denial of his motion pursuant to CPL article 440. Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.