■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY WILSON, Appellant. [829 NYS2d 917]—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Buchter, J.), dated January 24, 2006, which denied, without a hearing, his motion, in effect, pursuant to CPL 440.10 to vacate a judgment of the same court rendered February 23, 2001, convicting him of assault in the first degree and criminal possession of marihuana in the first degree, upon

his plea of guilty, and imposing sentence, and pursuant to CPL 440.20 to set aside the sentence imposed.

Ordered that the order is affirmed.

Pursuant to a promise made at the time of the defendant's guilty plea, the Supreme Court sentenced the defendant to, inter alia, a determinate prison term of 18 years. Neither the transcript of the sentencing proceeding nor the court's order of commitment contains any reference to the imposition of a period of post-release supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of post-release supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Noble*, 37 AD3d 622 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006]; *but see People v Sparber*, 34 AD3d 265 [2006]).

Under these circumstances, the defendant received precisely the sentence for which he bargained, and thus he has failed to articulate any reason for vacating his judgment of conviction, upon his plea of guilty (*cf. People v Catu*, 4 NY3d 242 [2005]), or modifying his sentence in any way. Accordingly, we affirm the Supreme Court's order denying the defendant's motion for relief pursuant to CPL article 440. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.