OPINION OF THE COURT
Joseph Kevin McKay, J.
*330 Defendant, Ernest Crawford, has submitted a pro se motion dated January 3, 2007 seeking to set aside his sentence pursuant to CPL 440.20. Defendant moves, as limited by his papers, to vacate his amended sentence and commitment form wherein a sentencing clerk substituted a period of five years’ postrelease supervision (hereinafter PRS) instead of the three years imposed by this court at sentencing. Appellate counsel has submitted supplemental papers dated February 28, 2007 in support of defendant’s motion. The People have submitted an affirmation in opposition to the motion dated March 5, 2007.
Defendant was convicted after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and was sentenced by the court on July 21, 2004 to a determinate term of imprisonment of five years and three years’ PRS. Contrary to defendant’s contentions, as a second felony offender defendant was subject to a mandatory period of five years’ PRS and not the three years erroneously imposed by the court (see, Penal Law § 70.45 [2]).* More troubling, however, is that without the court’s authorization or knowledge, a sentencing clerk amended the sentencing commitment form on July 29, 2004 to include the mandatory period of five years’ PRS. For reasons addressed below, I find that this was improper and deem the amendment null and void.
In Hill v United States ex rel. Wampler (298 US 460 [1936]) a judge imposed a term of imprisonment and a fine. After the sentence was imposed the court clerk, in accordance with local practice known to the judge, amended the sentencing commitment order to add that the defendant remain incarcerated until the fine was paid despite the judicial discretionary nature of such imprisonment. The Supreme Court held that the administrative nonjudicial amendment was void. The Court stated: “The only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate there is a remedy by motion to correct it to the end that it may speak the truth.” (At 464 [citations omitted].) In the instant case, although the People now oppose defendant’s motion they never moved pursuant to CPL 440.40 (1) within the prescribed one year of the entry of judgment to set aside the sentence upon the ground that it was invalid as a matter of law and to have defendant resentenced to a five-year period of PRS.
*331 In Earley v Murray (451 F3d 71 [2d Cir 2006], reh denied 462 F3d 147 [2006]) the Second Circuit, relying on Wampler (supra), held that in absence of PRS expressly being made part of sentence by a judge, PRS cannot be found to be automatically imposed by operation of law. Accordingly, a mandatory five-year period of PRS added to the defendant’s sentence by the New York State Department of Correctional Services was held to be a nullity. The court noted that the “oral sentence constitutes the judgment of the court and that it is [this] sentence that provides authority for execution of sentence” whereas “the written judgment of commitment is simply evidence of the oral sentence.” (451 F3d at 75 [2006].) In denying the petition for rehearing the court held that any penalty added to a judge’s sentence is invalid “regardless of its source, origin or authority until the judge personally amends the sentence.” (462 F3d at 149 [2006].) “The fact that New York law mandates a different sentence than the one imposed may render the sentence unlawful, but it does not change it. The sentence imposed remains the sentence to be served unless and until it is lawfully modified.” (Id.)
The Second Department recently held that where neither the sentencing minutes nor the court’s order of commitment mention the imposition of PRS, the sentence imposed does not include such period. (See, People v Wilson, 37 AD3d 855 [2d Dept 2007]; People v Noble, 37 AD3d 622 [2d Dept 2007]; People v Smith, 37 AD3d 499 [2d Dept 2007] [all cases citing Wampler and Earley, supra]; but see People v Hill, — AD3d —, 2007 NY Slip Op 00589 [1st Dept 2007]; People v Sparber, 34 AD3d 265 [1st Dept 2006]; Matter of Deal v Goord, 8 AD3d 769 [3d Dept 2004], appeal dismissed 3 NY3d 737 [2004], reconsideration denied 4 NY3d 795 [2005]; see also People ex rel. White v Warden, Rikers Is. Correctional Facility, — Misc 3d —, 2007 NY Slip Op 27038 [Sup Ct, Bronx County 2007].)
In the instant case, the sentencing minutes and the original July 21, 2004 order of commitment clearly and unambiguously indicate that this court intended, albeit erroneously, to impose a three-year period of PRS. The court finds that the sentencing clerk was not authorized to sua sponte correct this court’s sentencing error. (See, Hill v United States ex rel. Wampler, supra; Earley v Murray, supra; People v Ryan, 13 Misc 3d 451 [Sup Ct, Queens County 2006].) Moreover, a court’s inherent power to correct a sentence more than a year after it has been imposed is limited to those situations where the record *332 demonstrates that the court merely misspoke or there is a patent clerical error. (See, People v Moss, 234 AD2d 610 [2d Dept 1996], lv denied 89 NY2d 1014 [1997]; see also People v Richardson, 100 NY2d 847 [2003]; People v DeValle, 94 NY2d 870 [2000].) Therefore, the court finds that defendant is entitled to the sentence imposed by this court which included a three-year period of PRS and the sentence commitment will be amended accordingly.

 The version of People v Ellis (8 AD3d 826 [3d Dept 2004], lv denied 3 NY3d 673 [2004]) relied upon by defendant in his pro se papers has been amended by an unpublished order.