■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. SEBASTIAN, Appellant. [833 NYS2d 109]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Richmond County (Rienzi, J.), dated June 17, 2005, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered January 26, 2000, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence, or in the alternative to set aside the sentence pursuant to CPL 440.20.

Ordered that the order is affirmed.

The defendant pleaded guilty to assault in the first degree in exchange for a promise that he would be sentenced to a determinate prison term of 15 years. He was sentenced to the promised term. Neither the sentencing minutes nor the court's order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Noble*, 37 AD3d 622 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006]; *but see People v Sparber*, 34 AD3d 265 [2006]). Because the defendant received exactly the sentence for which he bargained, he has failed to articulate any reason to vacate his judgment of conviction, upon his plea of guilty (*cf. People v Catu*, 4 NY3d 242 [2005]) or to set aside his sentence. Accordingly, we affirm the denial of his motion pursuant to CPL article 440. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.