■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN BROWN, Respondent. [834 NYS2d 262]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated April 18, 2005, as, upon reargument, adhered to its prior determination in an order dated June 8, 2004, granting the defendant's motion for leave to reargue his motion, in effect, to vacate a judgment of conviction rendered May 21, 2003, convicting him of attempted robbery in the second degree and grand larceny in the fourth degree, upon his plea of guilty and imposing sentence, and vacating a prior order of the same court (Garry, J.) dated December 17, 2003, denying the defendant's motion, and thereupon granting the defendant's motion to vacate the judgment. Justice Crane has been substituted for former Justice Adams (*see* 22 NYCRR 670.1 [c])

Ordered that the order dated April 18, 2005 is reversed insofar as appealed from, on the law, upon reargument, the order dated June 8, 2004 is vacated, the defendant's motion for leave to reargue his prior motion, in effect, to vacate the judgment of conviction is denied, and the order dated December 17, 2003, denying the defendant's motion, in effect, to vacate the judgment of conviction, is reinstated.

The defendant originally was sentenced in this matter on May 21, 2003. In accordance with the promise made by the sentencing court, the defendant was sentenced to a term of imprisonment of six years.

By motion dated July 30, 2003, the defendant sought, in effect, to vacate his judgment of conviction on the ground that, prior to imposing sentence, the sentencing court failed to inform him that he was subject to a mandatory period of post-release supervision. That motion was denied by Justice Garry in an order dated December 18, 2003.

The defendant subsequently moved for leave to reargue. In

an order dated June 8, 2004, Justice Mangano, Jr., granted the defendant's motion for leave to reargue and, upon reargument, granted the defendant's motion, in effect, to vacate the judgment. Thereafter, by order dated April 18, 2005, Justice Mangano, Jr., granted the People's motion for leave to reargue the defendant's motion but, upon reargument, adhered to his original determination, contained in the order dated June 8, 2004 vacating the judgment of conviction. We reverse.

Neither the sentencing minutes, nor the court papers, nor the order of commitment mention the imposition of any period of post-release supervision, and the defendant does not allege in any of his submissions that any court actually imposed a period of post-release supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of post-release supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *Earley v Murray*, 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006]; *People v Noble*, 37 AD3d 622 [2007]; *but see People v Sparber*, 34 AD3d 265 [2006], *lv denied* 8 NY3d 885 [2007]).

Under these circumstances, the defendant received precisely the sentence for which he bargained, and therefore he has failed to articulate any reason that his judgment of conviction, upon his plea of guilty, should have been vacated (*see People v Noble, supra*; *cf. People v Catu*, 4 NY3d 242 [2005]).

Accordingly, we reverse the order dated April 18, 2005, made upon reargument, and reinstate the original order dated December 17, 2003, denying the defendant's motion, in effect, to vacate the judgment of conviction.

We note that although the defendant's July 30, 2003 pro se motion purportedly was made pursuant to CPL 440.20, the relief he seeks, i.e., vacatur of his October 7, 2002 plea and his May 21, 2003 sentence, is clearly allowable only pursuant to CPL 440.10 (*cf.* CPL 440.20 [4]), and we have accordingly determined it thereunder. Crane, J.P., Rivera, Krausman and Florio, JJ., concur.