■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION HOWELL, Appellant. [837 NYS2d 173]—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Hanophy, J.), dated November 13, 2003, which denied, without a hearing, his motion, inter alia, in effect, pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 27, 2001, convicting him of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

Pursuant to a promise made at the time of the defendant's guilty plea, the Supreme Court sentenced the defendant to,

inter alia, two determinate prison terms of 15 years, to run concurrently. Neither the transcript of the sentencing proceeding nor the Supreme Court's order of commitment contains any reference to the imposition of a period of post-release supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of post-release supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Wilson*, 37 AD3d 855 [2007]; *People v Noble*, 37 AD3d 622 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *rearg denied* 462 F3d 147 [2006]; *but see People v Sparber*, 34 AD3d 265 [2006]).

Under these circumstances, the defendant received precisely the sentence for which he bargained, and thus he failed to articulate any reason for vacating his judgment of conviction, upon his plea of guilty (*cf. People v Catu*, 4 NY3d 242 [2005]), or modifying his sentence in any way. Accordingly, we affirm the Supreme Court's order denying the defendant's motion for relief pursuant to CPL article 440. Schmidt, J.P., Santucci, Skelos and Lunn, JJ., concur.