■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY ROYSTER, Appellant. [835 NYS2d 732]—

Appeal by the defendant, by permission, from an order of the

Supreme Court, Queens County (Hanophy, J.), dated January 26, 2006, which denied her motion to pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 29, 2002, convicting her of robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant is not entitled to postjudgment relief on the ground that the Supreme Court, at the time of her plea, failed to warn her that a term of postrelease supervision would be included as part of her sentence. The sentence minutes themselves reflect that no such term of postrelease supervision was actually imposed. Under these circumstances, the defendant was in fact never sentenced to any term of postrelease supervision (*see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *People v Sebastian,* 38 AD3d 576 [2007]; *People v Wilson,* 37 AD3d 855 [2007]; *People v Noble,* 37 AD3d 622 [2007]; *Earley v Murray,* 451 F3d 71 [2006], *rearg denied* 462 F3d 147 [2006]; *but see People v Sparber,* 34 AD3d 265 [2006]).

The record reveals that the attorney who represented the defendant in connection with her plea (hereinafter prior counsel) was well aware of the defendant's history of mental illness, and that prior counsel reached a justifiable conclusion to the effect that, if the defendant were to proceed to trial, she would nonetheless in all likelihood not be successful in pursuing any "insanity defense." The medical evidence submitted by the defendant in support of her postjudgment motion was insufficient to rebut the presumption that prior counsel's performance was effective in this respect, or to raise any question of fact requiring a hearing as to whether prior counsel might have been ineffective based on a failure to investigate the seriousness of the defendant's mental illness. The mere fact that the defendant's new attorney might have a different assessment with respect to the question of exactly how likely it was that an "insanity defense" would have succeeded, had it been attempted, is no ground for concluding that prior counsel was ineffective (*see generally People v Colon,* 5 AD3d 275 [2004]).

The medical evidence submitted by the defendant in support of her postjudgment motion was similarly insufficient to call into question the voluntary nature of her decision to plead guilty (*e.g. People v Williams,* 35 AD3d 971 [2006]). A review of the relevant records, including the "progress notes" describing the defendant's condition during the weeks that preceded the plea, leave no doubt whatsoever as to the voluntary nature of her plea. Vacatur of the defendant's conviction was also not warranted merely because, at the time of the plea, the Supreme

Court failed to inquire of the defendant, who was by all indications perfectly lucid while the plea proceedings were in progress, whether she considered herself competent, or whether she had consumed any medication, drugs, or alcohol that might impair her ability to make a voluntary decision to plead guilty (*e.g. People v Bevins*, 27 AD3d 572 [2006]; *People v Lear*, 19 AD3d 1002 [2005]; *see also People v McCann*, 289 AD2d 703 [2001]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.