■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MARTINEZ, Appellant. [837 NYS2d 221]— Appeal by the de-

fendant, by permission, from an order of the Supreme Court, Queens County (Roman, J.), dated October 27, 2003, which denied, without a hearing, his motion pursuant to CPL 440.10 (1) (h) to vacate a judgment of the same court rendered May 17, 2001, convicting him of robbery in the first degree, upon his plea of guilty, and sentencing him as a second felony offender.

Ordered that the order is affirmed.

Pursuant to a promise made to the defendant at the time of his plea of guilty, the court sentenced him, as a second felony offender, to a determinate sentence of eight years. The defendant was not advised, at the time of his plea, that his sentence would include any period of postrelease supervision, and neither the sentencing minutes nor the court's order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Wilson*, 37 AD3d 855 [2007]; *People v Noble*, 37 AD3d 622 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *rearg denied* 462 F3d 147 [2006]; *but see People v Sparber*, 34 AD3d 265 [2006]). Inasmuch as the defendant received precisely the sentence for which he bargained, he has failed to articulate any reason for vacating his judgment of conviction pursuant to CPL 440.10 (1) (h) (*cf. People v Catu*, 4 NY3d 242 [2005]), and we therefore affirm the denial of his motion (*see People v Wilson, supra; People v Noble, supra*). Spolzino, J.P., Krausman, Fisher and Dillon, JJ., concur.