■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOLDEN, Appellant. [844 NYS2d 67]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 7, 2004, convicting him of robbery in the second degree and petit larceny, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea was not knowingly, voluntarily, and intelligently made because he was not advised, at the time of his plea, that his sentence would include a five-year period of postrelease supervision. However, neither the sentencing minutes nor the sentencing court's order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *People v Martinez,* 40 AD3d 1012 [2007]; *People v Royster,* 40 AD3d 885 [2007]; *People v Howell,* 40 AD3d 882 [2007]; *Earley v Murray,* 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006]; *but see People v Sparber,* 34 AD3d 265 [2006]). Since the defendant received precisely the sentence for which he bargained, his contention that he was never informed of a direct consequence of his plea is without merit (*cf. People v Louree,* 8 NY3d 541 [2007]; *People v Catu,* 4 NY3d 242 [2005]). Accordingly, his plea was knowingly, voluntarily, and intelligently made.

The defendant's claim of ineffective assistance of counsel is based on matter dehors the record and may thus not be reviewed on direct appeal (*see People v Reels,* 17 AD3d 488, 489 [2005]; *People v Turner,* 266 AD2d 245, 246 [1999]; *People v Nicovic,* 204 AD2d 493 [1994]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.