■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O'SHEA, Appellant. [846 NYS2d 245]—Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Calabrese, J.), dated February 21, 2006, which denied his motion pursuant to CPL 440.20 to vacate the determinate sentence imposed upon a judgment of the same court (Wexner, J.), rendered November 20, 2000, convicting him of attempted robbery in the second degree, upon his plea of guilty.

Ordered that the order is affirmed.

Pursuant to a promise made at the time of the defendant's plea of guilty, the County Court sentenced the defendant to a determinate prison term of five years upon his conviction of attempted robbery in the second degree. Upon his release, the Department of Correctional Services administratively imposed a five-year period of post-release supervision. As correctly conceded by the People, neither the sentencing minutes, nor the court's order of commitment, mentioned the imposition of any period of post-release supervision. "Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision" (*People v Noble,* 37 AD3d 622 [2007]; *see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *Earley v Murray,* 451 F3d 71 [2006], *reh denied* 462 F3d 147 [2006], *cert denied sub nom. Burhlre v Earley,* — US —, 127 S Ct 3014 [2007]; *but see People v Sparber,* 34 AD3d 265 [2006]).

As the defendant received precisely the sentence for which he bargained, he has failed to articulate any reason that the sentence should be modified in any way. Therefore, we affirm the denial of his motion pursuant to CPL 440.20 (*see People v Noble,* 37 AD3d at 622; *see also People v Brown,* 39 AD3d 659 [2007]; *People v Sebastian,* 38 AD3d 576 [2007]).

In view of the fact that the Department of Correctional Ser-

vices is not a party to this matter, we do not reach the defendant's remaining contentions, which seek relief beyond the scope of this appeal. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.