■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOLDER, Appellant. [845 NYS2d 916]—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Knipel, J.), dated June 19, 2006, which denied his motion pursuant to CPL 440.20 to set aside so much of his sentence as allegedly imposed a period of post-release supervision.

Ordered that the order is affirmed.

We conclude that the defendant's motion pursuant to CPL 440.20 was properly denied, but for reasons different from those relied upon by the Supreme Court (*see People v Noble*, 37 AD3d 622 [2007]). At sentencing, the court explicitly stated that no period of post-release supervision was imposed and there is no reference to a term of post-release supervision in the commitment order (*cf. People v Hill*, 9 NY3d 189 [2007]). Therefore, the sentence does not include a period of post-release supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People ex rel. Gerard [Colarusso] v Kralik*, 44 AD3d 804 [2007]; *People v Duncan*, 42 AD3d 470, 471 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Martinez*, 40 AD3d 1012, 1013 [2007]; *People v Royster*, 40 AD3d 885, 886 [2007]; *People v Brown*, 39 AD3d 659, 660 [2007]; *People v Noble*, 37 AD3d at 622; *Earley v Murray*, 451 F3d 71 [2006], *cert denied sub nom. Burhlre v Earley*, — US —, 127 S Ct 3014 [2007]). Indeed, the People acknowledge, in their brief, that "defendant's sentence did not at any time, and does not now, contain a period of post-release supervision." Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.