OPINION OF THE COURT
John M. Leventhal, J.
Issue Presented
The novel jurisdictional issue presented is whether the imposition of postrelease supervision (PRS) by the New York State Department of Correctional Services (DOCS) should be nullified when this court never imposed PRS on defendant, but a court of concurrent jurisdiction ruled that DOCS was correct in doing so in response to defendant’s habeas corpus petition.[1]
Facts
In March of 1999, defendant Anthony Stroman entered a plea of guilty to burglary in the second degree and assault in the second degree as a second violent felony offender and was sentenced to two concurrent determinate terms of seven years.[2] It is undisputed that in the sentencing proceeding, this court failed to notify the defendant that his sentence would include a period of PRS. The commitment order prepared and signed by the clerk also contained no mention of PRS.
The defendant was released from prison on November 22, 2004. On November 16, 2006, he was arrested and charged with *619 assault in the second and third degrees, criminal contempt in the first degree, and obstructing governmental administration in the second degree. After a hearing on February 15, 2007, at which defendant pleaded guilty to one charge of violating his PRS, he was returned to the custody of the DOCS.[3]
On or about June 1, 2007, defendant filed a petition for a writ of habeas corpus in Columbia County Supreme Court. The Acting Justice of that court issued a writ returnable before the Jefferson County Supreme Court on June 5, 2007 because the defendant was incarcerated at a correctional facility in that county.[4]
On July 11, 2007, the defendant filed and served a “notice of Motion for Stay of Trial to Allow Motion for a Change of Venue.”[5] Since the respondent did not oppose the defendant’s request for a stay, the Jefferson County Supreme Court granted the defendant’s motion and stayed the proceedings for 30 days.
The defendant failed to file a motion for a change of venue during the 30-day stay. Therefore, the Jefferson County Supreme Court decided the defendant’s petition for a writ of habeas corpus on September 12, 2007. The petition was denied and dismissed.
On or about September 25, 2007, defendant made a motion before this court pursuant to CPL 440.20 to vacate the five-year period of PRS added to his sentence by DOCS, or, in the alternative, to clarify that his sentence never included and does not now include a five-year period of postrelease supervision. The People filed an answer on November 29, 2007.
Discussion
Ordinarily concepts of res judicata and collateral estoppel[6] would preclude this court from rehearing the identical issue decided by the Supreme Court, Jefferson County in the defendant’s petition for a writ of habeas corpus; namely, whether the imposition of PRS by DOCS was properly imposed absent such condition being part of the plea bargain and sentence. Courts, however, are expressly authorized by the *620 legislature to consider a motion to set aside a sentence, “in the interest of justice and for good cause shown” where the identical issue was “previously determined on the merits” (CPL 440.20 [3]).[7]
The unfortunate reality is that the resolution of the PRS issue raised by the defendant in his writ in Jefferson County would have been different depending on the venue in which it was initially raised. This court is well aware of the split in authority within the various Appellate Divisions on whether or not a sentence imposed without PRS automatically includes or excludes such a period in the sentence. Had the defendant first brought his writ for habeas corpus in this court or any other court within the Second Judicial Department, he would have succeeded because the administrative addition of five years of PRS would not have been considered a part of his sentence (see e.g. People v Martinez, 40 AD3d 1012 [2007]; People v Brown, 39 AD3d 659 [2007]; People v Sebastian, 38 AD3d 576 [2007]; People v Wilson, 37 AD3d 855 [2007]). The defendant, however, declined to take advantage of the opportunity to change venue, and his writ was decided and denied on the merits by the Supreme Court of Jefferson County, which properly followed Fourth Department precedent holding that a period of PRS is automatically added to a sentence by operation of law (People v Carollo, 23 AD3d 1129 [4th Dept 2005]; see also Matter of Garner v New York State Dept. of Correctional Servs., 39 AD3d 1019 [3d Dept 2007]).
This court finds that the uncertainty in the law at the time of defendant’s application for a writ of habeas corpus warrants this court to revisit the issue of the administrative addition of postrelease supervision in the “interest of justice and for *621 good cause shown.” The Court of Appeals most recent pronouncement on PRS was made in People v Hill (9 NY3d 189, 191 [2007]), in which it held that “the failure of a court to advise of postrelease supervision requires reversal of the conviction.” In Hill, the defendant was not informed, either during his plea or during the sentencing proceeding, that his sentence included a five-year period of PRS. Defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction because he was not informed of the PRS. The motion was denied, but defendant’s sentence was modified to 121/2 years’ imprisonment and 2V2 years of PRS. Defendant appealed.
In affirming the defendant’s modified sentence, the First Department focused on the absence of a Court of Appeals mandate to vacate a plea every time there is a failure to inform a defendant of PRS and found that the defendant was not prejudiced by the modification (People v Hill, 39 AD3d 1, 3 [2007]). Defendant appealed.
The Court of Appeals reversed and clarified that a defendant’s due process rights are paramount to the defendant’s sentencing expectations. A defendant must be provided with the requisite information to knowingly, voluntarily, and intelligently choose between alternative courses of action. Thus the only proper remedy for the court’s failure to advise a defendant of a period of PRS is to vacate the plea and return the defendant to his or her status before the constitutional infirmity occurred.
In essence, the Court of Appeals in Hill held that a sentencing judge cannot impose PRS if it was not a part of the defendant’s plea bargain. If a sentencing court cannot later include PRS in a defendant’s sentence when it does not first impose PRS during a plea, then the holding in Hill inexorably and inevitably leads to the conclusion that DOCS cannot later impose such a period of PRS upon a defendant’s sentence. This court therefore finds that Hill not only directly holds that PRS must be part of a plea before sentence, but also indirectly mandates that PRS cannot automatically be imposed by DOCS when it was not a part of the plea before sentence. The Court of Appeals in Hill controls the outcome of the motion and prevents the automatic imposition of a period of PRS by DOCS. Thus defendant’s motion is meritorious.
Further, the holding in Hill did not disrupt earlier Second Department case law holding that a sentence imposed without PRS cannot later be amended to include PRS (see People v O’Shea, 45 AD3d 701 [2007]; People v Guare, 45 AD3d 697 *622 [2007]; People v Martinez, 40 AD3d 1012 [2007]; People v Brown, 39 AD3d 659 [2007]). Hill only addressed the remedy for a plea that is constitutionally infirm. Here, however, the defendant did not move to vacate the judgment of conviction or to withdraw his guilty plea. Rather, he sought to correct the administrative imposition of a period of PRS by DOCS when the sentencing court had mistakenly omitted its inclusion in his sentence. Hill does not address this issue, nor does Hill disturb Second Department precedent in this regard.[8] Therefore, defendant’s sentence as originally imposed will remain undisturbed.
Accordingly, the five-year period of PRS imposed upon the defendant’s sentence is declared a nullity and defendant’s motion is granted.
[Portions of opinion omitted for purposes of publication.]

. In rendering this decision, the court has considered the defendant’s CPL 440.20 motion papers and the People’s opposition papers. This decision has been edited for publication.

. The defendant also entered a plea of guilty and was sentenced to a one-year term for criminal contempt in the second degree.

. These facts are gleaned from a decision written by the Honorable Hugh A. Gilbert, Supreme Court Justice, Jefferson County, dated September 12, 2007.

. Id.

. Id.

. Collateral estoppel is applicable in criminal cases (Ashe v Swenson, 397 US 436, 443 [1970]).

. CPL 440.20 (3) reads in pertinent part:
“Notwithstanding the provisions of subdivision one, the court may deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon a prior motion or proceeding in a court of this state . . . , unless since the time of such determination there has been a retroactively effective change in the law controlling such issue. Despite such determination, however, the court in the interest of justice and for good cause shown, may in its discretion grant the motion if it is otherwise meritorious.”
This situation is the opposite of that in People ex rel. Santos v Warden, George R. Vierno Ctr. (17 Misec 3d 1120[A], 2007 NY Slip Op 52089[U] [2007]), where the defendant first brought a CPL 440.10 motion to set aside the sentence, which the court denied. This precluded the court from considering the same issue in the context of defendant’s application for a writ of habeas corpus.

. The Second Department, in a post -Hill decision (People v Holder, 46 AD3d 577 [2007]), continued to recognize that it is a court’s duty to expressly impose the postrelease supervision component of a defendant’s sentence. Another Second Department case decided post-Hill, People v Marinaro (45 AD3d 867 [2007]), is not applicable to Stroman because the sentencing court, not an administrative body, added a five-year period of PRS to the defendant’s sentence at a resentencing proceeding. The defendant did not object to this amendment of her sentence, but instead later sought a modification to the period of PRS, reducing it from five years to a 21/2-year period. The Second Department modified the resentence, thereby reducing the period of PRS to 2V2 years.