◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CURRY, Appellant. [854 NYS2d 319]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered January 5, 2004, and purportedly amended February 17, 2004, convicting him of assault in the second degree and criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to assault in the second degree and criminal possession of a controlled substance in the fourth degree in full satisfaction of the indictment. As to the assault charge, pursuant to a promise made at the time of the plea, the court sentenced the defendant to a determinate prison term of three years and imposed a three-year period of post-release supervision.

Thereafter, the court clerk apparently determined that, because the defendant was sentenced as a second felony offender, the period of post-release supervision should have been five years rather than three (*see* Penal Law § 70.06 [6]; § 70.45 [1], [2]). Consequently, on February 17, 2004 the clerk issued an "amended" sentence and commitment form, which purported to change the term of post-release supervision to five years. The "amended" sentence and commitment form, however, was a nullity and had no effect on the judgment (*see People v Duncan,* 42 AD3d 470, 471 [2007]). Accordingly, the defendant's sentence includes the three-year period of post-release supervision as imposed by the court (*id.*).

Under these circumstances, the defendant received precisely the sentence for which he bargained, and therefore he has failed to articulate any reason to support his claims that he should be afforded an opportunity to withdraw his plea (*cf. People v Catu,* 4 NY3d 242 [2005]), or that his sentence should be modified in any way (*see People v O'Shea,* 45 AD3d 701 [2007]; *People v Sebastian,* 38 AD3d 576 [2007]; *People v Noble,* 37 AD3d 622 [2007]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.