09-4789-cv
Ridgeway v. Zon

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand eleven.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER JR.,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RUSSELL L. RIDGEWAY,

            *Petitioner-Appellant,*

            -v.-                                                            No. 09-4789-cv

ANTHONY ZON,

            *Respondent-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**     RANDOLPH Z. VOLKELL, Merrick, NY.

**FOR RESPONDENT-APPELLEE:**      THOMAS H. BRANDT, Assistant District Attorney
                                  (Theresa L. Prezioso, Assistant District Attorney, *on
                                  the brief*), *for* Michael J. Violante, Niagara County
                                  District Attorney, Lockport, NY.

Appeal from an October 21, 2009 judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Russell Ridgeway appeals from the denial of his petition for a writ of habeas corpus by the District Court. Ridgeway challenges his state court conviction for the rape, sexual assault and sodomy of his 8-year-old daughter. We granted a Certificate of Appealability to answer two questions: (1) whether Ridgeway received constitutionally ineffective assistance in violation of the Sixth Amendment; and (2) whether Ridgeway's term of post-release supervision, which was not imposed by the trial court as part of Ridgeway's original sentence, is invalid pursuant to *Earley v. Murray*, 462 F.3d 147 (2d Cir. 2006). We assume the parties' familiarity with the facts and the procedural history of this case.

We review *de novo* the District Court's denial of a petition for habeas corpus. *Serrano v. Fischer*, 412 F.3d 292, 295 (2d Cir. 2005). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), where, as here, a petitioner's claim "was adjudicated on the merits in State court proceedings," the District Court can grant habeas only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see Carvajal v. Artus*, 633 F.3d 95, 111 (2d Cir. 2011); *see also Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) ("AEDPA constrains a federal court's power to disturb state-court convictions").

**Ineffective Assistance**

On appeal, Ridgeway points to two "choices" which render the assistance he was provided constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 688 (1984). First, Ridgeway claims that his counsel at trial failed to consult with, much less call, a medical expert to rebut testimony provided by the prosecution's medical expert concluding that the only physical evidence militated in favor of sexual abuse. Second, Ridgeway claimed that—in spite of his request—his counsel failed to call his mother and sisters, who were prepared to testify to their observations of Ridgeway's interaction with the complainant over the summer of 1999, when she was in Ridgeway's care.

Ridgeway's arguments are not without force. However, in *Cullen v. Pinholster*—decided two days before oral argument in this case—the Supreme Court held that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. 1388, 1398 (2011). The Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same

time *i.e.*, the record before the state court." *Id.  See also Atkins v. Clarke*, — F.3d —, No. 10–1870, 2011 WL 1419127, at *2 (1st Cir. Apr. 13 2011).

Ridgeway's appeal from his conviction under New York Criminal Procedure Law § 440.10 was decided on the merits by the Niagara County Court.  The record in that court is sparse, to say the least, *see* Res. Br. 7–8 (discussing the state court record on appeal), and failed to establish conclusively that Ridgeway's counsel had not consulted a medical expert or ignored Ridgeway's request to call his relatives.  To be sure, additional information proffered before the District Court appears to lend some credence to Ridgeway's claims.  As in other cases, *see Eze v. Senkowski,* 321 F.3d 110, 135-36 (2d Cir. 2003), we might have remanded the cause to give Ridgeway's counsel an opportunity to explain behavior that does not appear to have been the product of "appropriate strategic considerations," *Pavel v. Hollins*, 261 F.3d 210, 223 (2d Cir. 2001) (finding that attorney's decision not to prepare a defense because he believed that the trial court would grant his motion to dismiss was "not the sort of conscious, reasonably informed decision made by an attorney with an eye to benefitting his client").  However, the Supreme Court has now apparently foreclosed that avenue for us here.  *See Cullen*, 131 S. Ct. at 1413 (Sotomayor, J., *dissenting*) ("[n]ew evidence adduced at a federal evidentiary hearing is now irrelevant to determining whether a petitioner has satisfied § 2254(d)(1).").

We therefore conclude that, as in *Cullen*,

> because [Ridgeway] has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision "contrary to" or "involv[ing] an unreasonable application" of federal law, a writ of habeas corpus "shall not be granted" and our analysis is at an end. 28 U.S.C. § 2254(d).  We are barred from considering the evidence [Ridgeway] submitted in the District Court that he contends additionally supports his claim.

*Id*. at 1411, n.20.  The District Court therefore cannot be said to have erred in denying Ridgeway's petition for a writ of habeas corpus.

**Post-Release Supervision**

Ridgeway also argues, and the government concedes, that the five-year term of post-release supervision imposed administratively by the New York State Department of Correctional Services ("DOCS") is invalid pursuant to our holding in *Earley v. Murray*, 462 F.3d 147 (2d Cir. 2006).  In *Earley*, we instructed the District Court to "issue a writ of habeas corpus excising the term of post-release supervision from Earley's sentence and relieving him of any subsequent penalty or other consequence of its imposition."  Here, however, on February 18, 2011—while this appeal was pending—Ridgeway was resentenced under New York's statutory scheme designed specifically to address terms of post-release supervision that are invalid under *Earley*.  *See* Corrections Law § 601-d;

3

Penal Law §§ 70.45, 70.85. At his resentencing hearing, a two-year term of post-release supervision was added to Ridgeway's sentence by the Niagara Count Court. Accordingly, as Ridgway does not challenge the propriety of New York State's resentencing scheme, his appeal with regard to the post-release supervision imposed by the DOCS is moot.

## CONCLUSION

We have considered all of Ridgway's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court