People v Gordon (2020 NY Slip Op 51541(U))

[*1]

People v Gordon (Winston)

2020 NY Slip Op 51541(U) [70 Misc 3d 131(A)]

Decided on December 24, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570855/18

The People of the State of New York,
Respondent,
against
Winston Gordon, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Jeffrey M. Zimmerman, J.), rendered August 10, 2018, convicting him, upon a plea of
guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered August 10, 2018, affirmed.

Our review of the record indicates that defendant's guilty plea was entered knowingly,
voluntarily and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). At the plea
proceeding, defendant agreed to plead guilty to the charged offense of aggravated unlicensed
operation of a motor vehicle in the third degree (see Vehicle and Traffic Law §
511[1][a]) in exchange for a $200 fine. In response to the court's questioning, defendant admitted
his guilt to the underlying crime, stated that he had an opportunity to discuss his case with
counsel, personally confirmed that he was pleading voluntarily and waived specific constitutional
rights, including the right to a trial by jury, the right to question the People's witnesses and the
right to remain silent. There was nothing in the record to suggest that defendant's ability to make
a knowing, intelligent and voluntary decision to plead guilty was impaired in any way by his use
of alcohol or drugs (see People v
Rodriguez, 83 AD3d 449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885
[2007], lv denied 9 NY3d 881 [2007]). In any event, the only relief defendant requests is
dismissal of the accusatory instrument, and he expressly requests that this Court affirm his
conviction if it does not grant dismissal. Since dismissal is not warranted, we affirm on this basis
as well (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24, 2020