People v Speller (2021 NY Slip Op 50891(U))

[*1]

People v Speller (Dashawn)

2021 NY Slip Op 50891(U) [73 Misc 3d 128(A)]

Decided on September 21, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 21, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead P.J., Brigantti, Hagler, JJ.

570197/19

The People of the State of New York,
Respondent, 
against
Dashawn Speller, Defendant-Appellant. 

In consolidated criminal prosecutions, defendant appeals from three judgments of the
Criminal Court of the City of New York, New York County (Cori H. Weston, J.), rendered
October 15, 2018, convicting him, upon his pleas of guilty, of unlawful manufacture, distribution
or sale of a synthetic cannabinoid or synthetic phenethylamine, and imposing sentence.

Per Curiam.
Judgments of conviction (Cori H. Weston, J.), rendered October 15, 2018, affirmed.
In full satisfaction of three accusatory instruments charging, inter alia, criminal possession of
a controlled substance in the fifth degree (see Penal Law § 220.06[1]), a class D
felony, defendant pled guilty to three misdemeanor counts of unlawful manufacture, distribution
or sale of a synthetic cannabinoid or synthetic phenethylamine (see Administrative Code
of City of NY 10-203[a][1]), in exchange for a sentence of time served. Defendant personally
confirmed that he was pleading guilty freely and voluntarily, that he had enough time to speak to
his attorney, and that he understood that he was giving up his right to a trial where the People
would have to prove his guilt beyond a reasonable doubt, to call witnesses and testify on his own
behalf. Thus, the record establishes that defendant entered his pleas knowingly, intelligently and
voluntarily (see People v Conceicao, 26 NY3d 375, 382-383 [2015]). There was nothing
in the record to suggest that defendant's ability to make a decision to enter valid pleas was
impaired in any way by drugs, and defendant's assertions in this regard rest on speculation (see People v Rodriguez, 83 AD3d
449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d
881 [2007]).
In any event, the only relief defendant requests is dismissal of the accusatory instruments,
rather than vacatur of the pleas, and he expressly requests that this Court affirm his convictions if
it does not grant dismissal. Since it cannot be said that no penological purpose would be served
by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450
[2016]), dismissal is not warranted and we therefore affirm. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2021