People v Thomas (2022 NY Slip Op 50493(U))

[*1]

People v Thomas (Sean)

2022 NY Slip Op 50493(U) [75 Misc 3d 133(A)]

Decided on June 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570464/19

The People of the State of New York,
Respondent, 
against
Sean Thomas, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ilana J. Marcus, J.), rendered May 21, 2019, convicting him, upon a plea of guilty,
of criminal possession of a forged instrument in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ilana J. Marcus, J.), rendered May 21, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea was entered knowingly,
voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). At the plea
proceeding, defendant agreed to plead guilty to the charged offense of criminal possession of a
forged instrument in the third degree (see Penal Law § 170.20) in exchange for a
sentence that he attend one session with the CASES New Start program, with a jail alternative if
he failed to comply. In response to the court's questioning, defendant admitted his guilt to the
underlying crime, stated that he had an opportunity to discuss his case with counsel, and waived
specific constitutional rights, including the right to trial, the right to question the People's
witnesses, and the right to remain silent. Defendant also executed a form acknowledging that he
was being sentenced to a "one year conditional discharge" and had received a written copy of the
terms of the conditional discharge and its expiration date (see CPL 410.10[1]; see also
People v Bush, — NY3d —, 2022 NY Slip Op 01956 [2022]). There was
nothing in the record to suggest that defendant's ability to make a knowing, intelligent and
voluntary decision to plead guilty was impaired in any way by his use of alcohol or drugs (see People v Rodriguez, 83 AD3d
449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d
881 [2007]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument,
rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it
does not grant dismissal. Since it cannot be said that no penological purpose would be served by
reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not
warranted and we therefore affirm.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 15, 2022