People v Carey (2023 NY Slip Op 50041(U))

[*1]

People v Carey (Michael)

2023 NY Slip Op 50041(U) [77 Misc 3d 136(A)]

Decided on January 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Michael, JJ.

570211/19

The People of the State of New
York, Respondent,
against
Michael Carey,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Robert Rosenthal, J.), rendered March 8, 2019, convicting him, upon
a plea of guilty, of criminal possession of a controlled substance in the seventh degree,
and imposing sentence.

Per Curiam.
Judgment of conviction (Robert Rosenthal, J.), rendered March 8, 2019,
affirmed.
Our review of the record indicates that defendant's guilty plea was entered
knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). At the plea
proceeding, defendant agreed to plead guilty to the charged offense of criminal
possession of a controlled substance in the seventh degree (see Penal Law §
220.03) in exchange for a sentence that he attend one session with the CASES New Start
program, with a jail alternative of five days if he failed to comply. In response to the
court's questioning, defendant admitted his guilt to the underlying crime, stated that he
had an opportunity to discuss his case with counsel, and waived specific constitutional
rights, including the right to trial, the right to question the People's witnesses, and the
right to remain silent. Defendant also executed a form acknowledging receipt of a written
copy of the terms of a "one year" conditional discharge and its expiration date
(see CPL 410.10[1]), and his contention that the plea was invalid because he was
not informed of the requirement that he lead a law abiding life for one year is unavailing
(see People v Bush, 38
NY3d 66 [2022]; People v
Rivera, 67 Misc 3d 140[A], 2020 NY Slip Op 50702[U] [App Term, 1st Dept
2020], lv denied 36 NY3d 931 [2020]; People v Cecilio, 65 Misc 3d 148[A], 2019 NY Slip Op
51829[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1127 [2020]).
Contrary to defendant's further contention, a plea of guilty will be sustained in the
absence of a full factual allocution where, as here, defendant, no novice to the criminal
justice system with over 80 prior convictions, clearly understood the charge and made an
intelligent decision to enter a plea (see People v Goldstein, 12 NY3d 295, 300-301 [2009]; People v Seeber, 4 NY3d
780 [2005]). Nor was there anything in the record to suggest that defendant's ability
to make a knowing, intelligent and voluntary decision to plead guilty was impaired in any
way by [*2]his use of alcohol or drugs (see People v Rodriguez, 83
AD3d 449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d
885 [2007], lv denied 9 NY3d 881 [2007]). 
In any event, the only relief defendant requests is dismissal of the accusatory
instrument, rather than vacatur of the plea, and he expressly requests that this Court
affirm his conviction if it does not grant dismissal. Since it cannot be said that no
penological purpose would be served by reinstating the charges (see People v
Conceicao, 26 NY3d at 385 n), dismissal is not warranted and we therefore
affirm.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 17, 2023